CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
LAUREN COLLINS (Bar No. 240173)
(E-Mail: Lauren_Collins@fd.org)
MICHAEL PETERSEN (Bar No. 311729)
(E-Mail: Michael_Petersen@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2894
Facsimile: (213) 894-0310

*Attorneys for Petitioner*
CARLOS ANTHONY HAWTHORNE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE, <br><br> Petitioner, <br><br> v. <br><br> RAYBON JOHNSON, Warden, of California State Prison, Los Angeles County <br><br> Respondent. | No. 22-cv-07535-FWS-AS <br><br> **PETITIONER'S OPPOSITION TO RESPONDENT'S MOTION TO DISMISS AND MOTION TO STAY AND ABEY THE FEDERAL PROCEEDINGS PENDING EXHAUSTION; DECLARATION OF COUNSEL** <br><br> **The Honorable Alka Sagar** <br> **United States Magistrate Judge** <br> **Courtroom 540** <br><br> **HEARING DATE: JULY 27, 2023** <br> **HEARING TIME: 10:00 A.M.** |

## TABLE OF CONTENTS

PAGE

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................5

I. INTRODUCTION ...................................................................................................5

II. PROCEDURAL HISTORY ..................................................................................5

    A.    State Court ...................................................................................................5

    B.    Federal Court ...............................................................................................6

III. ARGUMENT ........................................................................................................7

    A.    Legal Standards ...........................................................................................7

    B.    Hawthorne meets the standard required for the issuance of a *Rhines* stay. ...............................................................................................................9

        1.    Hawthorne can establish good cause for failure to exhaust. ...........9

            a.    The legal basis for Claim 13 did not arise until after Hawthorne's resentencing hearing, when he no longer had post-conviction counsel. ..........................................................11

            b.    Ineffective assistance of post-conviction counsel is good cause for Hawthorne's failure to exhaust Claims 11, 12, and part of 14. ...................................................................12

                (1)    Failure to raise unexhausted claims constitutes deficient performance. ...........................................12

                (2)    Hawthorne was prejudiced by counsel's failure to bring meritorious claims before the state court ...........13

        2.    Hawthorne's claims are potentially meritorious. .............................13

        3.    Hawthorne has not engaged in dilatory tactics. ..............................15

    C.    This court has authority separate from *Rhines* to stay the case. ...............16

    D.    The granting of a *Rhines* stay will not meaningfully delay the federal proceedings. ..............................................................................................17

    E.    Hawthorne seeks reasonable time limits, and will file his exhaustion petition within 60 days of the granting of a stay. ......................................18

    F.    Should this Court deny Hawthorne's request for a *Rhines* stay, he requests that the exhausted claims in his federal habeas petition be allowed to proceed. ........................................................................................19

IV. CONCLUSION ...................................................................................................19

i

# TABLE OF AUTHORITIES

PAGE

**Federal Cases**

*Aprendi v. New Jersey,*
  530 U.S. 466 (2000) ................................................ 14

*Berry v. Jacquez,*
  2011 WL 4738336 (E.D. Cal. 2011) ...................... 12, 13

*Blake v. Baker,*
  745 F.3d 977 (9th Cir. 2014) ..............................*passim*

*Calderon v. United States District Court (Taylor),*
  134 F.3d 981 (9th Cir. 1998) ................................ 17

*Carella v. California,*
  491 U.S. 263 (1989) .............................................. 15

*Cueto v. McNeil,*
  2010 WL 1258065 *16 (S.D. Fla. 2010) ................ 14

*Cullen v. Pinholster,*
  563 U.S. 170 (2011) ................................................ 8

*Detrich v. Ryan ,*
  740 F.3d 1237 (9th Cir. 2013)................................ 11

*Dixon v. Baker,*
  847 F.3d 714 (9th Cir. 2017) ............................... 9, 14

*Fetterly v. Paskett,*
  997 F.2d 1295 (9th Cir. 1993) ........................... 17, 18

*Howard v. Martel,*
  2012 WL 4469265 (E.D. Cal. 2012) ...................... 13

*Jackson v. Roe,*
  425 F.3d 654 (9th Cir. 2005) ............................... 9, 10

*Kelly v. Small,*
  315 F.3d 1063 (9th. Cir. 2003) ............................ 20

*King v. Ryan,*
  564 F.3d 1133 (9th Cir. 2009) ................................ 8

i

## TABLE OF AUTHORITIES

PAGE

*Kuzyk v. Edwards*,
   2008 WL 4975877 (C.D. Cal., Nov. 20, 2008) ........................................ 14

*Martinez v. Ryan*,
   566 U.S. 1 (2012) ..................................................................................... 11

*McFarland v. Scott*,
   512 U.S. 849 (1994) ................................................................................. 18

*Melendez v. Arnold*,
   2016 WL 913388 (N.D. Cal. Mar. 10, 2016) ......................................... 10

*Mendoza v. Carey*,
   449 F.3d 1065 (9th Cir. 2006) ................................................................... 7

*Nance v. Norris*,
   429 F.3d 809 (8th Cir. 2005) ................................................................... 14

*Nino v. Galaza*,
   183 F.3d 1003 (9th Cir. 1999) ................................................................. 18

*O'Sullivan v. Boerckel*,
   526 U.S. 838 (1999) ................................................................................. 17

*Parle v. Runnels*,
   505 F.3d 922 (9th Cir. 2007) ................................................................... 16

*Rhines v. Weber*,
   544 U.S. 269 (2005) .........................................................................*passim*

*Strickland v. Washington*,
   466 U.S. 668 (1984) ................................................................... 11, 13, 14

*Sullivan v. Louisiana*,
   508 U.S. 275 (1993) ......................................................................... 14, 15

*United States v. Guadin*,
   515 U.S. 506 (1995) ................................................................................. 14

*Warren v. Hedgpeth*,
   2008 WL 4104519 *1 (N.D. Cal., Sept. 4, 2008) ................................. 14

*Wooten v. Kirkland*,
   540 F.3d 1019 (9th Cir. 2008) ............................................................ 9, 10

ii

## TABLE OF AUTHORITIES

PAGE

*Wright v. LeGrand*,
   2014 WL 3428487 (D. Nev. June 9, 2014) ............................................. 10

**State Cases**

*People v. Hanson*,
   23 Cal. 4th 355 (Cal. 2000) ..................................................... 16

*People v. Hawthorne*,
   46 Cal. 4th 67 (Cal. 2009) ...................................................... 7

*People v. Young*,
   34 Cal. 4th 1149 (Cal. 2005) .................................................... 5

**Federal Constitution and Statutes**

28 U.S.C. § 2244 ....................................................................... 6

28 U.S.C. § 2254 ................................................................. 7, 8, 19

**State Statutes**

Cal. Gov. Code § 68661 ........................................................... 12

Cal. Pen. Code.§ 187 ................................................................ 6

Cal. Pen. Code § 190.2 ............................................................. 6

Cal. Pen. Code. § 190.2(a)(17)(G) ........................................... 6

Cal. Pen. Code. § 211 ............................................................... 6

Cal. Pen. Code § 459 ............................................................... 6

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Petitioner Carlos Anthony Hawthorne hereby opposes Respondent's Motion to Dismiss and moves to stay his habeas corpus action pending the resolution of a state exhaustion petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), and the Court's inherent authority to stay proceedings. The stay is warranted because: it is within this Court's discretion as Hawthorne satisfies each of the *Rhines* factors supporting a stay; it is necessary to protect Hawthorne's interests in obtaining federal review of all of his constitutional claims; and a stay serves the interests of judicial economy, comity, and federalism.

Pursuant to L.R. 7-3, counsel conferred via email about the motion to stay and counsel for Petitioner is informed that while counsel for Respondent could not definitively state whether Respondent would file an opposition, her office often opposes such motions. (M. Petersen Decl. ¶ 2.)

This motion is based on the accompanying memorandum of points and authorities and the declaration of counsel Michael Petersen, as well as on the federal habeas corpus petition filed on October 17, 2022 ("Petition") and its attachments, which are incorporated into this motion, the Court's files and records and any further evidence and argument that may be ordered by the Court.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: June 12, 2023           By */s/ Michael Petersen*
                                   MICHAEL PETERSEN
                                   LAUREN COLLINS
                                   Deputy Federal Public Defenders
                                   Attorneys for Petitioner
                                   CARLOS ANTHONY HAWTHORNE

4

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

In his federal petition for writ of habeas corpus (Dkt. 1), Carlos Anthony Hawthorne has alleged that his convictions for robbery, burglary, attempted murder, and murder were obtained in violation of his constitutional rights. Hawthorne was initially sentenced to death, but that sentence was overturned following his successful presentation, on state habeas, of an ineffective assistance of counsel claim as to the penalty phase of his trial. Now, Hawthorne seeks federal review of his other constitutional claims. His federal petition includes fourteen claims, the majority of which were properly exhausted in state court. The parties agree that four of those claims—Claims 11, 12, 13, and part of 14—were presented for the first time in federal court. Before this court can consider them, they must first be presented to the California state court.

Respondent moved to dismiss Hawthorne's petition "unless [Claims 11, 12, 13, and part of 14] are deleted, or a stay is obtained." (MTD, Dkt. 16 at 9.) By this motion, Hawthorne now seeks a stay of this federal proceeding so that he may present the unexhausted claims to the state court. Staying the federal case so that Claims Eleven, Twelve, Thirteen, and Fourteen can be presented in state court would promote judicial efficiency and would eliminate the basis for the Motion to Dismiss.

## II.  PROCEDURAL HISTORY

### A.    State Court

Hawthorne was convicted on July 25, 1997 of murder (P.C. § 187), attempted murder (P.C. §§ 187(a) and 664), robbery (P.C. § 211), and burglary (§ 459) along with special circumstances of robbery murder (P.C. § 190.2(a)(17)(A)) and burglary murder (§ 190.2(a)(17)(G)). On September 5, 1997, he was sentenced to death on the murder count, and sentences for all other counts were stayed.

On April 23, 2009, the California Supreme Court affirmed Hawthorne's

conviction on direct appeal. *People v. Hawthorne*, 46 Cal. 4th 67 (Cal. 2009).

Hawthorne filed an initial habeas corpus petition in the California Supreme Court on October 7, 2009 and filed an amended petition on April 22, 2013. (California Supreme Court Case No. S176951). On May 16, 2018, the California Supreme Court issued an order to show cause as to Hawthorne's claim of ineffective assistance of counsel during the penalty phase of the trial. On October 22, 2021, the District Attorney filed an Amended Notice of Declination to Show Cause, and the Superior Court granted the writ and sentenced Hawthorne to life without the possibility of parole on November 4, 2021.

For purposes of AEDPA's statute of limitations, Hawthorne's conviction became final 60 days after that November 4, 2021 resentencing date, on January 3, 2022. *See* 28 U.S.C. § 2244(d)(1)(A) (judgment becomes final either "by the conclusion of direct review or the expiration of the time for seeking such review"); *see also* Cal. R. Ct. 8.308(a) ("a notice of appeal ... must be filed within 60 days after the rendition of the judgment...."); *Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (where petitioner did not appeal, "his conviction became final ... 60 days after the judgment of conviction").

## B.   Federal Court.

Hawthorne filed his federal habeas petition on October 17, 2022. (Dkt. 1.) As this was over two months before his January 3, 2023 AEDPA filing deadline, the petition was timely filed. Hawthorne requests a *Rhines* stay, in part, to preserve that timely filing date in Federal Court.

The instant federal petition was filed, *pro se*, on October 17, 2022. The office of the Federal Public Defender was appointed to represent Hawthorne on January 10, 2023. (Dkt. 9.) On January 24, 2023 the Court ordered a response to the Petition. (Dkt. 13.)

On March 10, 2023, Respondent filed a Motion to Dismiss alleging that Claims

6

Eleven, Twelve, Thirteen, and a portion of Fourteen are unexhausted. (Dkt. 16.) On March 13, 2023, the Court ordered Petitioner to respond to the Motion to Dismiss, and to lodge with the Court any records not already lodged that may be relevant to the Court's determination of that motion. (Dkt. 18.)

## III.  ARGUMENT

### A.    Legal Standards

Pursuant to AEDPA[1] and well-established United States Supreme Court law—as well as basic principles of comity and federalism—the state courts are to be given the first opportunity to review and decide habeas claims of a state inmate. *See, e.g.*, *Cullen v. Pinholster*, 563 U.S. 170, 185 (2011) (reiterating AEDPA's "goal of promoting comity, finality, and federalism by giving state courts the first opportunity to review a claim, and to correct any constitutional violation in the first instance") (internal citations and punctuation omitted).

To serve those interests, the Supreme Court in *Rhines* held that a district court has the authority to stay a federal habeas action pending exhaustion of claims in the state court. *Rhines*, 544 U.S. at 276; *King v. Ryan*, 564 F.3d 1133, 1141 (9th Cir. 2009). *Rhines* recognized that "the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement" creates a problem: "petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Rhines*, 544 U.S. at 275 (citing *Rose v. Lundy*, 455 U.S. 509 (1982) (previously requiring dismissal of petitions that include unexhausted claims)). The Court therefore authorized a "stay and abey" procedure in which the district court holds a habeas action in abeyance while the petitioner presents his unexhausted claims to the state court. *Id.* at 276. If the petitioner is denied relief in

---

[1] The "Antiterrorism and Effective Death Penalty Act of 1996," 110 Stat. 1214 (28 U.S.C. §§ 2241 et seq.).

state court, the district court then lifts the stay and the federal habeas action resumes. *Id.* at 275-76. This procedure preserves the inherent and longstanding authority of district courts to issue stays, while at the same time complying with the purposes and time limitations of AEDPA. *Id.* at 276. In *Rhines*, the Supreme Court stated that, in a capital habeas case, "it likely would be an abuse of discretion for a district court to deny a stay" if the petition meets the standards for one. *Rhines*, 544 U.S. at 271, 278.

Under *Rhines*, a stay is warranted where a petitioner demonstrates (1) "good cause for his failure to exhaust," (2) "his unexhausted claims are potentially meritorious," and (3) he has not "engaged in intentionally dilatory litigation tactics." *Id.* at 278.

To show good cause, a petitioner need not demonstrate "extraordinary circumstances." *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005); *Wooten v. Kirkland*, 540 F.3d 1019, 1023-24 (9th Cir. 2008). Instead, the petitioner need only proffer "a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014) (concluding that a capital habeas petitioner "sufficiently set forth good cause in his motion for a stay and abeyance in his federal petition, which he incorporated into his motion").

To satisfy *Rhines*'s second requirement that the petitioner's claims be "potentially meritorious," a petitioner need only show that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 277). This is a low bar. To show an unexhausted claim is not "plainly meritless," a petitioner need only show it is not "'perfectly clear that the petitioner has no hope of prevailing.'" *Id.* (quoting *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005)). Whether a claim might be procedurally defaulted is not relevant to this inquiry. *Wright v. LeGrand*, 2014 WL 3428487, at *10 (D. Nev. June 9, 2014) ("'[M]eritless' does not mean 'procedurally barred.'") (internal citation omitted).

The third *Rhines* requirement addresses whether the petitioner has engaged in intentionally dilatory litigation practices. *Rhines*, 544 U.S. at 278. As the *Rhines* court noted, "generally, a prisoner's 'principal interest … is in obtaining speedy federal relief on his claims,'" but did note that a capital defendant, for example, "might deliberately engage in dilatory tactics to prolong their incarceration and avoid execution". *Id*. at 277-278.

"If a stay is warranted with respect to any single claim, the court need not conduct a claim-by-claim exhaustion analysis regarding the remaining claims." *Melendez v. Arnold*, 2016 WL 913388, at *8 (N.D. Cal. Mar. 10, 2016) (citing *Byford v. Baker*, 2013 WL 431340, at *2 (D. Nev. Feb. 1, 2013)).

**B.    Hawthorne meets the standard required for the issuance of a *Rhines* stay.**

**1.    Hawthorne can establish good cause for failure to exhaust.**

Hawthorne failed to exhaust Claims Eleven, Twelve, and a portion of Fourteen due to the ineffective assistance of post-conviction counsel, and failed to exhaust Claim Thirteen because it arose at a time when he was no longer represented.

The *Rhines* Court did not define "good cause" for failure to exhaust. *Rhines*, 544 U.S. at 278. However, in his concurrence, Justice Stevens cautioned that this requirement was not intended to impose a "strict and inflexible requirement" on petitioners. *Id.* at 277, 279 (Stevens, J., concurring). The Ninth Circuit has repeatedly stated that "extraordinary circumstances" need not be shown in order to meet the good cause standard. *See, e.g., Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005); *Wooten*, 540 F.3d at 1023-24 (citing *Jackson*, 425 F.3d at 661-62); *see Blake*, 745 F.3d at 982 (stating that good cause was the "equitable component" of the analysis, and that it can be shown with a "reasonable excuse, supported by sufficient evidence").

The Ninth Circuit has held that ineffective assistance of state habeas counsel in failing to present a claim constitutes good cause for a petitioner's failure to exhaust.

*Blake*, 745 F.3d at 983-84. A petitioner arguing good cause based on his state habeas counsel's ineffectiveness is "not required to make any stronger a showing of cause than" that required by *Martinez v. Ryan*, 566 U.S. 1 (2012). *Blake*, 745 F.3d at 983-84 (citing *Detrich v. Ryan*, 740 F.3d 1237, 1243-45 (9th Cir. 2013) (*en banc*)).[2] To establish "cause" under *Martinez*, a petitioner "need show only that his [postconviction] counsel performed in a deficient manner" under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Detrich*, 740 F.3d at 1245. Thus, a petitioner asserting that his postconviction counsel performed deficiently must present "evidence that his state post-conviction counsel failed to discover, investigate, and present to the state courts the readily available evidence" underlying his unexhausted claims. *Blake*, 745 F.3d at 983. A petitioner seeking to establish "cause" under *Martinez* must also make a limited showing of prejudice: the petitioner must show that the claim his state habeas counsel failed to raise is "substantial" or has "some merit." *Detrich*, 740 F.3d at 1245-46; *see also Blake*, 745 F.3d at 984 (citing *Detrich*'s legal standard). For a claim to be "substantial," a petitioner need only make the same showing he would need to warrant issuance of a certificate of appealability—namely, "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Detrich*, 740 F.3d at 1245. Furthermore, the *Martinez* court recognized the difficulty of bringing a habeas corpus petition *without* counsel. *Martinez*, 566 U.S. at 12.

---

[2] In fact, a "lesser showing" may even "suffice to show good cause under *Rhines*." *Blake*, 745 F.3d at 984 n.7.

### a. The legal basis for Claim 13 did not arise until after Hawthorne's resentencing hearing, when he no longer had post-conviction counsel.

Claim 13 alleges that the imposition of a $10,000 fine is improper, as Hawthorne already paid $10,000 under the prior judgment, and the claim is premised on the Abstract of Judgment filed on December 15, 2021. (Attachment 1 to Dkt. 1.) This new abstract was created after the November 4, 2021 resentencing hearing, in which Hawthorne was resentenced from a sentence of death to a sentence of life-without-the-possibility-of-parole. That abstract also stated that Hawthorne was to pay $10,000 in restitution, even though Hawthorne had already paid, in full, the $10,000 in restitution that was imposed at his original sentencing.

Hawthorne was represented by the Habeas Corpus Resource Center (HCRC) throughout his state habeas proceedings. The "general powers and duties" of HCRC are specified in California Government Code section 68661. This section expressly limits HCRC's representation to people "sentenced to death." (Gov. Code § 68661.)

Following the November 4, 2021 resentencing hearing, Hawthorne was no longer sentenced to death. It is unclear if HCRC would have been permitted, by law, to take the action required to rectify the restitution issue. Either way, Hawthorne's failure to raise the issue is excusable. He was either without counsel entirely, or his counsel was ineffective for failing to raise the issue.

Since the conclusion of the resentencing hearing, until the appointment of the Federal Public Defender's office in federal habeas, Hawthorne had been without counsel. In addition, as outlined in Claim One of his federal petition (Dkt. 1), Hawthorne has multiple severe mental impairments. This lack of counsel, coupled with Hawthorne's own inability to advocate for himself in state court, constitutes good cause for his failure to exhaust Claim 13 in state court. *See Berry v. Jacquez*, 2011 WL 4738336, at *5 (E.D. Cal. 2011) (citing *Taylor v. McDaniel*, 2011 WL 1322783, at *2

11

(D. Nev. 2011)); *see also Howard v. Martel*, No. 2:11-cv-0991 JAM CKD P, 2012 WL 4469265, at *4 (E.D. Cal. 2012) (finding good cause for a *Rhines* stay where petitioner attached a psychological evaluation stating that he suffered from various mental disorders).

> **b.    Ineffective assistance of post-conviction counsel is good cause for Hawthorne's failure to exhaust Claims 11, 12, and part of 14.**

Here, the failure of Hawthorne's state habeas counsel to include the unexhausted claims in the state petition constituted ineffective assistance of counsel.

> **(1)    Failure to raise unexhausted claims constitutes deficient performance.**

Claims 11, 12, and part of 14 could have been raised in the state habeas petition, and the failure of state habeas counsel to include those claims constituted deficient performance. *Blake*, 745 F.3d at 983; *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Claim 11 (erroneous jury instructions), Claim 12 (failure to instruct on "on continuous transaction" rule), and Claim 14 (cumulative error) are purely legal claims and are fully consistent with the claims that were presented to the California Supreme Court. Because they do not, and cannot, contradict or undermine the factual basis of any other claim, it was not a reasonably strategic decision not to raise them.  And as Claim 14 is a cumulative error claim—a claim that accumulates all of the otherwise inconsequential prejudice arising from various trial errors—it was even more important that all available claims of trial error be presented and preserved.

**(2)**    **Hawthorne was prejudiced by counsel's failure to bring meritorious claims before the state court.**

As detailed below, each of these claims are potentially meritorious and state habeas counsel's failure to present them in state court prejudiced Hawthorne. *Blake*, 745 F.3d at 983; *Strickland*, 466 U.S. at 687.

**2.    Hawthorne's claims are potentially meritorious.**

Hawthorne satisfies *Rhines*'s second requirement that at least one of his unexhausted claims be potentially meritorious. At the very least, it is not "'perfectly clear that [Hawthorne] has no hope of prevailing'" on at least one of his unexhausted claims. *Dixon*, 847 F.3d at 722 (quoting *Cassett*, 406 F.3d at 624). As discussed below, each of Hawthorne's claims is potentially meritorious, alleging a legal basis for relief and supported by reasonably available facts.

"In determining whether unexhausted claims are 'potentially meritorious,' a court does not weigh or even consider the evidence in the case." *Cueto v. McNeil*, 2010 WL 1258065 *16 (S.D. Fla. 2010); *see also Nance v. Norris*, 429 F.3d 809, 810 (8th Cir. 2005) (finding potential merit under *Rhines* where the petitioner presented an affidavit that "tend[ed] to show his claims . . . may have merit."); *Warren v. Hedgpeth*, 2008 WL 4104519 *1 (N.D. Cal., Sept. 4, 2008) (granting a *Rhines* stay, in part, where the petitioner "provided enough facts" to allege an unexhausted claim and finding the claim potentially meritorious based on the petitioner's representations); *Kuzyk v. Edwards*, 2008 WL 4975877, at *4 (C.D. Cal., Nov. 20, 2008) (granting a *Rhines* stay and finding claims potentially meritorious, without any analysis of the claims' merits, where the claims "appear[ed] colorable.").

**a.  Claim 11: Erroneous Jury Instructions**

The Constitution requires that the prosecution prove every element of a charged offense beyond a reasonable doubt. *See Aprendi v. New Jersey*, 530 U.S. 466 (2000); *United States v. Guadin*, 515 U.S. 506 (1995) *Sullivan v. Louisiana*, 508 U.S. 275, 278-

81 (1993); *Carella v. California*, 491 U.S. 263, 265-66 (1989). In Hawthorne's case, the court failed to instruct the jury as such. And the jury would not have been able to infer the "every element" requirement from the instructions that were given, as the judge told the jury that the instructions "may not seem like English" and that they would have to rely on the lawyers to "hopefully make them more logical or reasonable." 5 RT 877-78. Hawthorne's trial attorney,[3] despite this prompting from the court, did nothing to ensure that the jury understood that it must find "every element" beyond a reasonable doubt.

### b.    Claim 12: Failure to Instruct on "One Continuous Transaction" Rule

The prosecutor presented the jury with two separate theories of first-degree murder liability: premeditated and deliberate murder, and felony-murder. In order for a juror to convict based on felony-murder, "what is required is proof beyond a reasonable doubt that the felony and murder were part of one continuous transaction." *People v. Young*, 34 Cal. 4th 1149, 1175 (Cal. 2005). As Hawthorne alleged in his federal petition, the jury instruction that was given was insufficient and inadequate as it did not properly inform the jury of the requirement that they find, beyond a reasonable doubt, that the murder and any underlying felony were part of "one continuous transaction." Here, the killing at issue did not take place during the alleged burglary or felony but later, after those crimes were completed. The particular phrasing of the jury instruction is vital, and had the jury been properly instructed it would not have found Mr. Hawthorne guilty under a felony-murder theory.

### c.    Claim 13: Imposition of Higher Restitution Would Be Improper

Hawthorne has paid $10,000 in restitution, and had done so before his 2021 resentencing hearing. Even so, the 2021 abstract of judgment includes a restitution fine

---

[3] The same trial attorney who has already been found to be constitutionally ineffective at the penalty phase.

of $10,000. The abstract should be corrected to reflect that there is no restitution owed, as an increased restitution fine on resentencing would constitute a double jeopardy violation. *People v. Hanson*, 23 Cal. 4th 355, 363-65 (Cal. 2000).

### d.   Claim 14: Cumulative Error

Hawthorne's cumulative error claim, unlike the claim that was previously brought in state court, now includes the accumulated prejudice of new claims 11, 12, and 13. With those new claims included the claim of cumulative error is arguably even stronger, or more "potentially meritorious" than it was previously. *See Parle v. Runnels*, 505 F.3d 922, 927 (9th Cir. 2007) (noting the "combined effect of individually harmless error" can violate due process). The California Supreme Court, in its May 16, 2018 denial of many of the claims in Hawthorne's state habeas petition, did not specify whether it was denying the claims because it found there was no error, or because of insufficient prejudice. Assuming that some of these claims were denied for lack of sufficient prejudice, Hawthorne's now-complete cumulative error claim may prevail.

### 3.   Hawthorne has not engaged in dilatory tactics.

Hawthorne is not attempting to "delay or abuse" the habeas process, or engage in "dilatory tactics." This case is no longer a capital case, and Hawthorne desires to avoid delay and is principally interested in "obtaining speedy federal relief on his claims." *See Rhines*, 544 U.S. at 277-78 (internal quotation marks and citation omitted). This, in the view of at least three justices in *Rhines*, is perhaps the most important consideration in weighing a petitioner's entitlement to a stay. Indeed, Justice Souter stated in his concurring opinion in *Rhines*—in which Justices Ginsburg and Breyer also joined—that instead of conditioning the availability of a stay upon good cause, he would "wait for the alarm to sound when there is some indication that a petitioner is gaming the system." *Id.* at 279 (Souter, J., concurring).

In addition, a stay of Hawthorne's petition pending exhaustion would serve the interests of judicial economy, comity, and federalism. A stay will serve judicial

economy because the state court may grant relief on one or more of Hawthorne's claims, thus making this federal case moot. A stay will also serve the interests of comity and federalism; as allowing the state court an opportunity to correct a constitutional error minimizes federal court intrusion into and disruption of state proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The same benefits of judicial economy will inure to both parties.

While his state petition is pending, Hawthorne will file status reports on the progress of the state proceedings on whatever schedule the Court deems appropriate.

## C.     **This court has authority separate from *Rhines* to stay the case.**

Regardless of the strict application of *Rhines* to stay the instant case, this Court has independent authority to grant a stay in the interest of justice. In this case, granting a stay of the federal habeas action accommodates interests considered by courts in evaluating stay requests. These concerns are (1) judicial economy, (2) comity and federalism, (3) the prejudice to the parties, and (4) whether the moving party seeks a stay in order to delay or abuse the habeas process. *Calderon v. United States District Court (Taylor)*, 134 F.3d 981, 987-88 n. 8 (9th Cir. 1998); *Fetterly v. Paskett*, 997 F.2d 1295, 1301-02 (9th Cir. 1993).

In the interest of judicial economy, and to avoid piecemeal litigation, this Court should stay the federal action until Hawthorne has exhausted his state court remedies. A stay will serve the interests of judicial economy, whether or not the state court grants relief. If the state court grants Hawthorne relief on his state habeas petition, further federal proceedings on his claim are unnecessary. Alternatively, if the state court denies him relief, a stay would avoid duplication of effort and proliferation of motion hearings necessitated by piecemeal litigation. In either case, this Court best serves its interest in judicial economy by granting this request for a stay of the federal habeas proceeding. *Taylor*, 134 F.3d at 987-88, n. 8.

16

Considerations of comity and federalism also favor granting a stay. The exhaustion doctrine, requiring state prisoners to present their federal constitutional claims to the state courts before presenting them to the federal courts, promotes both comity and federalism. By allowing the state court the opportunity to correct state court errors, federal courts minimize their intrusion into and disruption of state proceedings. *Nino v. Galaza*, 183 F.3d 1003, 1007 (9th Cir. 1999).

If this Court were to deny this stay motion, the prejudice to Hawthorne would vastly outweigh any possible prejudice to Respondent. If a stay is not entered, Hawthorne may be denied all opportunity to receive federal habeas review of his unexhausted claims. Conversely, granting a stay would result in no prejudice to Respondent. Indeed, both parties would benefit by avoiding unnecessary duplication of effort and the proliferation of pleadings.

Hawthorne has brought this motion not to stall the habeas process, but rather to obtain review on the merits of his federal constitutional claims by seeking to litigate them in a single federal habeas petition after complying with any exhaustion requirements. *Fetterly*, 997 F.2d at 1301-02.

**D.   The granting of a *Rhines* stay will not meaningfully delay the federal proceedings.**

This case is a formerly capital case. Capital cases are notable not only because of the "the seriousness of the possible penalty" but also the "unique and complex nature of the litigation." *McFarland v. Scott*, 512 U.S. 849, 855 (1994). Hawthorne's resentencing does not alter the fact that he was charged with a capital crime, underwent a capital trial, and retains a special circumstance that made him eligible for the death penalty, all of which tee up particular legal issues and claims for relief that pertain to

1    capital cases alone. As in all death-penalty cases, the trial, appellate and state habeas

2    record is voluminous.[4]

3         Petitioner's counsel's office has been in contact with state habeas counsel

4    HCRC, and has received 40 boxes of material, as well as the accompanying digital

5    files. (M. Petersen Decl., ¶ 3.) While significant time has already been invested in

6    organizing and processing this material, there is still significant work to be done.

7    Adequate representation of Hawthorne will necessarily entail a thorough review of

8    these records. Until that review is complete, counsel will not be in a position to

9    determine what records need to be lodged with this Court as part of the federal

10   proceeding. (M. Petersen Decl., ¶ 4.)

11        That review process is going to take time, and it will continue during the *Rhines*

12   stay and subsequent state court proceedings. The granting of a *Rhines* stay will not

13   significantly delay these federal court proceedings, as this case is still at its earliest

14   stages.

15   **E.    Hawthorne seeks reasonable time limits, and will file his exhaustion**

16   **petition within 60 days of the granting of a stay.**

17        Even when a stay is appropriate under *Rhines*, district courts are advised to

18   "place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544

19   U.S. at 278 (citing with approval *Zarvela v. Artuz*, 254 F.3d 374, 381 (2nd Cir. 2001)

20   (requiring the petitioner to return to federal court thirty days after exhaustion is

21   complete.). Here, Hawthorne requests a stay with the condition that he file his

22   exhaustion petition within 60 days of this Court's order staying the case. Hawthorne

23

24   ⎯⎯⎯⎯⎯⎯⎯⎯⎯

           [4] This case presents particular challenges as a formerly-capital case. Local Rule
25   83-17.7, which applies only to death penalty cases, requires the Attorney General to
     lodge the entire state court record. In contrast, the noncapital habeas rules only require
26   that the Attorney General lodge portions of the record. *See* Rule 5 Governing Section
     2254 Cases. Counsel for Petitioner has begun to acquire the state-court record, but
27   ensuring a complete record will take additional time.

28

1  will apprise this Court of the status of the exhaustion proceeding through the filing of

2  status reports, or through whatever method this Court deems appropriate. Hawthorne

3  will notify the Court immediately upon the conclusion of state proceedings. If relief is

4  denied, Hawthorne will file an amended petition within 60 days of the state court order

5  denying relief.

6  **F.    Should this Court deny Hawthorne's request for a *Rhines* stay, he**

7  **requests that the exhausted claims in his federal habeas petition be**

8  **allowed to proceed.**

9        In the event that this Court denies the *Rhines* stay motion, Hawthorne requests

10  that Claims 11, 12, and 13 be dismissed, and that the small portion of the cumulative

11  error claim asserted in Claim 14 that makes reference to Claims 11, 12, and 13 also be

12  dismissed. Hawthorne would like to proceed with the remaining, exhausted, claims.

13  *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th. Cir. 2003).

14                          **IV.  CONCLUSION**

15        Because good cause exists for Hawthorne's prior failure to exhaust these claims;

16  his claims are not plainly meritless; he has not engaged in intentionally dilatory tactics;

17  and a stay would serve the interests of judicial economy, comity, and federalism, this

18  Court should issue a stay pursuant to *Rhines*. Accordingly, Hawthorne asks this Court

19  to enter an order: 1) denying Respondent's Motion to Dismiss, and 2) staying the

20  federal petition to allow exhaustion of state remedies.

21                          Respectfully submitted,

22                          CUAUHTEMOC ORTEGA
                            Federal Public Defender
23

24  DATED: June 12, 2023          By */s/ Michael Petersen*

25                          MICHAEL PETERSEN
                            LAUREN COLLINS
26                          Deputy Federal Public Defenders

27                          Attorneys for Petitioner
                            CARLOS ANTHONY HAWTHORNE
28

                                    19

## <u>DECLARATION OF MICHAEL PETERSEN</u>

I, Michael Petersen, hereby declare and state as follows:

1.      I am a Deputy Federal Public Defender and I represent Petitioner Carlos Anthony Hawthorne in the above-titled action. The Office of the Federal Public Defender was appointed on January 10, 2023, and I entered my Notice of Appearance in this case on February 10, 2023. (Dtks. 9 and 15).

2.      On June 5, 2023 I emailed Ana Duarte, counsel for Respondent, and informed her that Petitioner would be filing a motion requesting a *Rhines* stay so that Petitioner could return to state court to present those unexhausted claims identified in Respondent's Motion to Dismiss. Ms. Duarte responded that same day and stated that while Respondent could not definitively state whether Respondent would file an opposition, her office often opposes such motions.

3.      Our office has been in contact with state habeas counsel, the Habeas Corpus Resource Center, and has received 40 boxes of material, as well as the accompanying digital files. While significant time has already been invested in organizing and processing this material, there is still significant work to be done.

4.      Adequate representation of Hawthorne will necessarily entail a thorough review of these records. Until that review is complete, counsel will not be in a position to determine what records need to be lodged with this Court as part of the federal proceeding.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on June 12, 2023 at Los Angeles, California.

*/s/ Michael Petersen*
MICHAEL PETERSEN

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Carlos Hawthorne, certifies that this brief contains 5,087 words and does not exceed 25 pages, which complies with the word limit of L.R. 11-6.1.

DATED: June 12, 2023                    By */s/ Michael Petersen*
                                        MICHAEL PETERSEN
                                        Deputy Federal Public Defender
                                        Attorney for CARLOS HAWTHRONE