1  ROB BONTA
   Attorney General of California
2  LANCE E. WINTERS
   Chief Assistant Attorney General
3  SUSAN SULLIVAN PITHEY
   Senior Assistant Attorney General
4  KENNETH C. BYRNE
   Supervising Deputy Attorney General
5  ANA R. DUARTE
   Deputy Attorney General
6  State Bar No. 174715
    300 South Spring Street, Suite 1702
7   Los Angeles, CA  90013-1230
    Telephone:  (213) 269-6002
8   Fax:  (916) 731-2122
    E-mail:  DocketingLAAWT@doj.ca.gov
9  *Attorneys for Respondent*

10           IN THE UNITED STATES DISTRICT COURT

11          FOR THE CENTRAL DISTRICT OF CALIFORNIA

12

13

14  **CARLOS ANTHONY HAWTHORNE,**

15                              Petitioner,

16          v.

17  **RAYBON JOHNSON, Warden,**

18                              Respondent.

19

| | |
|---|---|
| Case No. CV 22-07535-FWS (AS) | |
| **OPPOSITION TO PETITIONER'S MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES** | |
| Hearing Date:  July 27, 2023 | |
| Hearing Time:  10:00 A.M. | |
| The Honorable Alka Sagar | |
| United States Magistrate Judge | |

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

Memorandum of Points and Authorities..................................................1

Preliminary Statement..........................................................................1

Argument.............................................................................................3

Petitioner's Request for a Stay Should Be Denied Because He Failed to Establish Good Cause Under *Rhines* and the Unexhausted Claims Are Plainly Meritless and Thus He Fails to Demonstrate That This Case Presents the "Limited Circumstances" Which Justify the Imposition of a Stay, Especially Given the Fact That It Has Been More Than Twenty-Five Years Since a Jury Found Him Guilty............................3

    A.    The Applicable Law................................................3

    B.    Petitioner Has Failed to Demonstrate Good Cause for a Stay Because His Showing Is Impermissibly Conclusory Under *Blake*..............................................................6

    C.    The Unexhausted Claims Are Plainly Meritless ....................11

        1.    Ground Eleven........................................11

        2.    Ground Twelve........................................14

        3.    Ground Thirteen......................................16

        4.    Ground Fourteen......................................17

Conclusion...........................................................................................18

i

# TABLE OF AUTHORITIES

**Page**

C<small>ASES</small>

*Bailey v. Hill*
    559 F.3d 976 (9th Cir. 2010)...................................................................17

*Bell v. Davis*
    2018 WL 5758157 (S.D. Cal. Nov. 1, 2018) .....................................10

*Blake v. Baker*
    745 F.3d 977 (9th Cir. 2014)..........................................................4, 6, 9

*Carter v. Friel*
    415 F. Supp. 2d 1314 (D. Utah 2006) .................................................5

*Caspari v. Bohlen*
    510 U.S. 383 (1994).............................................................................7

*Coleman v. Thompson*
    501 U.S. 722 (1991).............................................................................5

*Cruz v. Mitchell*
    2015 WL 78779 (N.D. Cal. Jan. 5, 2015)........................................10

*Davis v. Biter*
    2014 WL 2894975 (S.D. Cal. June 25, 2014)..................................10

*Dixon v. Baker*
    847 F.3d 714 (9th Cir. 2017)...............................................................6

*Hernandez v. Sullivan*
    397 F. Supp. 2d 1205 (C.D. Cal. 2005) .......................................4, 5, 9

*Holland v. Florida*
    560 U.S. 631 (2010).............................................................................5

*In re Dixon*
    41 Cal. 2d 756 (1953) ......................................................................2, 6

*In re Seaton*
    34 Cal. 4th 193 (2004) .........................................................................2

1

2

## TABLE OF AUTHORITIES
### (continued)

Page

3

*In re Waltreus*
4
    62 Cal. 2d 218 (1965) ....................................................................................1

5

*Jackson v. Roe*
6
    425 F.3d 654 (9th Cir. 2005)........................................................................5

7

*Jauregui v. Jones*
8
    2016 WL 4257147 (C.D. Cal. July 7, 2016).................................................8

9

*Labon v. Martel*
    2015 WL 1321533 (C.D. Cal. Mar. 17, 2015)..............................................8

10

11

*Lisea v. Sherman*
    2014 WL 4418632 (E.D. Cal. Sept. 8, 2014)..............................................10

12

13

*Lopez v. Stainer*
    494 Fed. Appx. 778 (9th Cir. 2012) ......................................................15, 16

14

15

*McVey v. Santoro*
    2020 WL 4355672 (C.D. Cal. May 4, 2020) ............................................8, 9

16

17

*Mena v. Long*
    813 F.3d 907 (9th Cir. 2016)........................................................................3

18

19

*Miller v. Runyon*
    77 F.3d 189 (7th Cir. 1996)..........................................................................8

20

*Noble v. Harrison*
    491 F. Supp. 2d 950 (C.D. Cal. 2007)..........................................................5

21

22

*Nogueda v. California*
    2014 WL 5473548 (E.D. Cal. Oct. 23, 2014)..............................................9

23

24

*Patterson v. Stewart*
    251 F.3d 1243 (9th Cir. 2001)......................................................................7

25

26

*People v. Sakarias*
    22 Cal. 4th 596 (2000) ...............................................................................14

27

*People v. Young*
28
    34 Cal. 4th 1149 (Cal. 2005).......................................................................14

# TABLE OF AUTHORITIES
## (continued)

**Page**

*Ramos v. Chappell*
    2014 WL 6065660 (N.D. Cal. Nov. 12, 2014) ................................................. 10

*Rhines v. Weber*
    544 U.S. 269 (2005) .................................................................................... *passim*

*Riner v. Crawford*
    415 F. Supp. 2d 1207 (D. Nev. 2006) ............................................................... 5

*United States v. Thiele*
    314 F.3d 399 (9th Cir. 2002) .......................................................................... 17

*Weeks v. Angelone*
    528 U.S. 225 (2000) ...................................................................................... 13

*Wooten v. Kirkland*
    540 F.3d 1019 (9th Cir. 2008) ....................................................................... 5, 6

**STATUTES**

28 U.S.C.
    § 1257 ............................................................................................................. 7
    § 2101 ............................................................................................................. 7

Cal. Penal Code
    § 187 ............................................................................................................... 1
    § 189 ......................................................................................................... 14, 15
    § 190 ............................................................................................................... 1
    § 190.2 ............................................................................................................ 1
    § 211 ............................................................................................................... 1
    § 459 ............................................................................................................... 1
    § 664 ............................................................................................................... 1

**COURT RULES**

Cal. R. Ct. 8.308 ................................................................................................. 7

Sup. Ct. R. 13 ...................................................................................................... 7

iv

# TABLE OF AUTHORITIES
## (continued)

Page

**OTHER AUTHORITIES**

Antiterrorism and Effective Death Penalty Act ..................................................... 4, 6

CALJIC
    No. 2.01 ...................................................................................................... 12
    No. 2.61 ...................................................................................................... 12
    No. 2.90 ...................................................................................................... 12
    No. 8.10 ...................................................................................................... 15
    No. 8.11 ...................................................................................................... 13
    No. 8.21 ................................................................................................ 12, 16
    No. 8.21.2 ................................................................................................... 16
    No. 8.67 ...................................................................................................... 13
    No. 8.80.1 ................................................................................................... 12
    No. 8.83 ...................................................................................................... 12
    No. 9.40 ...................................................................................................... 13
    No. 14.50 .................................................................................................... 13
    No. 17.19 .................................................................................................... 13
    No. 17.20 .................................................................................................... 13

1    Respondent hereby opposes Petitioner's Motion for a Stay of these

2  proceedings so that he may exhaust Grounds Eleven, Twelve, Thirteen, and a

3  portion of Ground Fourteen in the California Supreme Court.  The request should

4  be denied because Petitioner fails to show good cause under *Rhines v. Weber*, 544

5  U.S. 269 (2005), and the claims in Grounds Eleven, Twelve, Thirteen, and the

6  unexhausted portion of Ground Fourteen are plainly meritless.

7    The stay request should therefore be denied.

8  Dated:  June 26, 2023                    Respectfully submitted,

9                                           ROB BONTA
                                            Attorney General of California
10                                          LANCE E. WINTERS
                                            Chief Assistant Attorney General
11                                          SUSAN SULLIVAN PITHEY
                                            Senior Assistant Attorney General
12                                          KENNETH C. BYRNE
                                            Supervising Deputy Attorney General
13

14                                          /s/ Ana R. Duarte

15                                          ANA R. DUARTE
                                            Deputy Attorney General
16                                          *Attorneys for Respondent*

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

In Los Angeles County Superior Court case number BA137272, Petitioner was convicted by a jury of the first degree murder of Vanessa Sells (Cal. Penal Code[1] § 187(a)), the attempted murder of Kristian F. (§§ 187, 664), the first degree robbery of both Sells and Kristian (§ 211), and first degree residential burglary (§ 459). The jury found true special circumstance allegations of robbery murder (§ 190.2(a)(17)(A)) and burglary murder (§ 190(a)(17)(G)). After a penalty trial, the jury returned a verdict of death, and the trial court imposed that sentence. (Lodged Document[2] (LD) 1 at 1.)

On April 23, 2009, in case number S064769, the California Supreme Court affirmed the judgment. (LD 1 at 46.) On May 1, 2009, Petitioner filed a petition for rehearing. (LD 2.) On June 24, 2009, rehearing was denied. (*See* LD 3 at 7.) On October 5, 2009, certiorari was denied. (LD 4.)

On October 7, 2009, Petitioner filed a habeas corpus petition in the California Supreme Court, in case number S176951. An amended petition was filed on April 22, 2013. (LD 5.) On May 16, 2018, the state supreme court issued an order to show cause, returnable in the Los Angeles County Superior Court for the adjudication of one claim, whether trial counsel provided ineffective assistance at the penalty phase (Claim Four). All remaining claims were denied on the merits. The California Supreme Court ruled that Claims Two, Six and Eight, except to the extent they alleged ineffective assistance of counsel, were procedurally barred under *In re Waltreus*, 62 Cal. 2d 218, 225 (1965), to the extent they were raised and

---

[1]  All further statutory references are to the California Penal Code, unless otherwise specified.

[2]  On March 10, 2023, Respondent lodged copies of ten state court documents. (Ct. Dkt. 17.) Concurrently with this Opposition, Respondent is lodging the clerk's and reporter's transcripts from Petitioner's trial, as LD 11 and LD 12, respectively. They are referred to as "CT" and "RT," preceded by the volume number.

rejected on appeal.  The court furthermore ruled that Claim Eight (except to the extent it alleged ineffective assistance of counsel) was procedurally barred under *In re Dixon*, 41 Cal. 2d 756, 759 (1953), to the extent it could have been raised on appeal but was not.  Finally, the court ruled that Claim Nine (except to the extent it alleged ineffective assistance of counsel) was procedurally barred under *In re Seaton*, 34 Cal. 4th 193, 201 (2004), to the extent it could have been raised in the trial court but was not.  (LD 6.)

On October 15, 2021, the Los Angeles County District Attorney's Office filed a Declination to Show Cause as to Claim Four in the Los Angeles County Superior Court.  (*See* LD 7 at 45.)  The Los Angeles County District Attorney's Office and Petitioner's attorneys subsequently agreed to a disposition in which Petitioner would be resentenced to life without the possibility of parole.  On November 21, 2021, the petition was granted and Petitioner was resentenced to life in state prison without the possibility of parole.  (*Id*. at 48; Pet.[3] at 300-04.)

The instant Petition was filed on October 17, 2022.  On March 10, 2023, Respondent filed a Motion to Dismiss on the basis that Grounds Eleven, Twelve, Thirteen, and a Portion of Ground Fourteen were unexhausted.  (Ct. Dkt. 16.)  On June 12, 2023, Petitioner filed a Motion for a Stay so that he could exhaust state remedies.  (Ct. Dkt. 21.)  On June 14, 2023, the Court ordered Respondent to file either opposition or a statement of non-opposition to the Motion.  (Ct. Dkt. 22.)  This Opposition follows.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[3]  For ease of reference, Respondent uses the pagination generated by this Court's ECF system when referring to the Petition and the Stay Motion.

**ARGUMENT**

**PETITIONER'S REQUEST FOR A STAY SHOULD BE DENIED BECAUSE HE FAILED TO ESTABLISH GOOD CAUSE UNDER *RHINES* AND THE UNEXHAUSTED CLAIMS ARE PLAINLY MERITLESS AND THUS HE FAILS TO DEMONSTRATE THAT THIS CASE PRESENTS THE "LIMITED CIRCUMSTANCES" WHICH JUSTIFY THE IMPOSITION OF A STAY, ESPECIALLY GIVEN THE FACT THAT IT HAS BEEN MORE THAN TWENTY-FIVE YEARS SINCE A JURY FOUND HIM GUILTY**

More than twenty-five years after a jury found Petitioner guilty and recommended a judgment of death on August 11, 1997, he seeks a stay of proceedings so he can exhaust Grounds Eleven, Twelve, Thirteen, and a portion of Ground Fourteen.[4]  He alleges he "failed to exhaust Claims Eleven, Twelve, and a portion of Fourteen due to the ineffective assistance of post-conviction counsel, and failed to exhaust Claim Thirteen because it arose at a time when he was no longer represented."  (Stay Mot. at 11.)  Respondent opposes the stay request on the ground that Petitioner has failed to show good cause, these claims are plainly meritless, and thus Petitioner has failed to demonstrate that this case presents the "limited circumstances" which justify the imposition of a stay.

**A.  The Applicable Law**

The United States Supreme Court has sanctioned the use of "stay and abeyance" procedures "only in *limited circumstances*" when confronted with the problem of a "mixed" federal habeas corpus petition.  *Rhines v. Weber*, 544 U.S. 269, 277 (2005) (emphasis added); *see also Mena v. Long*, 813 F.3d 907, 908, 910-11 (9th Cir. 2016) (holding that the *Rhines* stay-and-abey procedure is not limited

---

[4]  In Ground Eleven, Petitioner contends that his due process rights were violated by the trial court's use of outdated and erroneous jury instructions (Pet. at 285-88), in Ground Twelve, he contends that his due process right to a fair trial was violated by the trial court's failure to instruct the jury on the "one continuous transaction" rule in felony murder cases (Pet. at 288-90), in Ground Thirteen, he contends that imposition of higher restitution would violate the California Constitution (Pet. at 290-91), and in Ground Fourteen, he contends that the cumulative effect of the errors in Grounds One through Thirteen renders his convictions and sentence unreliable and unconstitutional (Pet. at 291-95).

to mixed petitions, and district court may stay a petition containing only unexhausted claims).  Recognizing that the "twin purposes" of the Antiterrorism and Effective Death Penalty Act (hereinafter "AEDPA") of streamlining and encouraging finality of federal habeas proceedings would be undermined by frequent employment of a "stay and abeyance" procedure, the United States Supreme Court prescribed certain conditions that a petitioner must meet in order to justify imposition of a stay.  *Rhines v. Weber*, 544 U.S. at 277-78.

First, "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. at 277.  Second, even where good cause is found, stay and abeyance is only warranted if the claims are not "plainly meritless." *Id.*  Third, a stay is inappropriate "if a petitioner engages in abusive litigation tactics *or* intentional delay." *Id.*

The decision whether to grant a petitioner's request to stay proceedings is subject to the district court's discretion. *Rhines v. Weber*, 544 U.S. at 276-79.  For example, an abuse of discretion will be found where a stay is granted even though the petitioner's claims are "plainly meritless." *Id.* at 277.  On the other hand, denial of a stay where the petitioner has good cause for a failure to exhaust, the claims are "potentially meritorious," and there is "no indication that the petitioner engaged in intentionally dilatory litigation tactics," will constitute an abuse of discretion. *Id.*

The "good cause" requirement "ensures that a stay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court." *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).  Good cause turns on whether the petitioner can set forth a "reasonable excuse, supported by sufficient evidence, to justify that failure." *Id.*  A bald assertion of good cause without evidentiary support is insufficient. *Id.*

In *Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005), the district court explained that with respect to demonstrating the requisite "good

cause" under *Rhines v. Weber*, "the relevant inquiry is the petitioner's justification for failing to exhaust his or her claims prior to filing a federal habeas petition." Thus, analogizing to the "cause" required to overcome a procedural default, the court held that a stay is warranted only where a petitioner can show that "his failure to exhaust his claims resulted from an[] external objective factor that cannot fairly be attributed to him." *Id.* (petitioner's arguments that he lacked necessary evidence to support his allegation that a prosecution witness testified falsely and that his appellate counsel failed to raise the unexhausted claims did not establish "good cause" to justify a stay); *see Noble v. Harrison*, 491 F. Supp. 2d 950, 956 (C.D. Cal. 2007); *but see Riner v. Crawford*, 415 F. Supp. 2d 1207, 1210-11 (D. Nev. 2006).[5]

In *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008), the Ninth Circuit held that the petitioner had failed to show cause under *Rhines* as to why he had not exhausted his claim earlier, where he simply alleged that he was under the

---

[5] *Riner* was wrongly decided and should not be followed. In seeking to distill a good cause standard under *Rhines*, the *Riner* court pointed to the Ninth Circuit's decision in *Jackson v. Roe*, 425 F.3d 654, 656 (9th Cir. 2005), saying that the Ninth Circuit in *Jackson* had "conclude[d] that the cause standard of *Rhines* requires a lesser showing than that for procedural default[]." *See Riner*, 415 F. Supp. 2d at 1210. That observation was simply not accurate. What the Ninth Circuit said in *Jackson* was that the application of an *extraordinary circumstances* standard like that applied in *equitable tolling* situations does not comport with the "good cause" standard prescribed by *Rhines*. *Jackson*, 425 F.3d at 661-62. The standard for procedural default is not "extraordinary circumstances" but rather "cause." *Compare Coleman v. Thompson*, 501 U.S. 722, 753 (1991) ("cause" for procedural default requires a showing that an objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule) *with Holland v. Florida*, 560 U.S. 631, 649 (2010) (a petitioner may be entitled to equitable tolling only if he shows that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented timely filing). Respondent submits that those cases applying a good cause standard under *Rhines* akin to the procedural default standard are correct and should be followed. *See*, *e.g.*, *Noble*, 491 F. Supp. 2d at 956; *Carter v. Friel*, 415 F. Supp. 2d 1314, 1319 (D. Utah 2006); *Hernandez v. Sullivan*, 397 F. Supp. 2d at 1207.

impression his appellate attorney had previously exhausted it.  The court held that accepting such an excuse as good cause would render stay-and-abey orders "routine."  *Wooten v. Kirkland*, 540 F.3d at 1024.  The Ninth Circuit cautioned that good cause should only be found in "limited circumstances," in order to meet "AEDPA's dual purposes:  to reduce delays in executing state and federal criminal sentences and to streamline federal habeas proceedings by increasing a petitioner's incentive to exhaust all claims in state court."  *Id.* (citing *Rhines v. Weber*, 544 U.S. at 276-77).

More recently, in *Dixon v. Baker*, 847 F.3d 714, 721-22 (9th Cir. 2017), the Ninth Circuit found that good cause for a stay existed where the petitioner was not represented by post-conviction counsel in state habeas proceedings *and* was attempting to exhaust claims of ineffective assistance of trial counsel.[6]

### B.   Petitioner Has Failed to Demonstrate Good Cause for a Stay Because His Showing Is Impermissibly Conclusory Under *Blake*

While Respondent is not asserting that Petitioner has engaged in abusive litigation tactics or intentional delay, it must be noted that more than twenty-five years have passed since a jury found him guilty.  As noted above, the Supreme Court has recognized that the AEDPA's "twin purposes" of streamlining and encouraging finality of federal habeas proceedings would be undermined by frequent employment of the "stay and abeyance" procedure.  *See Rhines v. Weber*, 544 U.S. at 277-78.  Given the passage of more than two decades thus far since Petitioner's trial, it is respectfully submitted that Petitioner's attempt to demonstrate good cause for a stay in this case should be viewed with increased scrutiny.  In any event, irrespective of whether this approach is utilized or not, Petitioner has failed to demonstrate good cause for a stay, as will be set forth below.

---

[6] *Dixon* is inapplicable here as Petitioner was represented by counsel during the state habeas corpus proceedings.  It is also not applicable because he is not attempting to exhaust an ineffective assistance claim.

Petitioner states that he "failed to exhaust Claims Eleven, Twelve, and a portion of Fourteen due to the ineffective assistance of post-conviction counsel, and failed to exhaust Claim Thirteen because it arose at a time when he was no longer represented." (Stay Mot. at 11.) He also states that he "has multiple severe mental impairments" and that his "lack of counsel, coupled with [his] own inability to advocate for himself in state court, constitutes good cause for his failure to exhaust Claim Thirteen in state court." (*Id.*) In support thereof he cites to Ground One of his Petition, which alleges that "[T]he state prosecuted, convicted, and sentenced [him] while he was mentally incompetent to stand trial." (Pet. at 52-101.)

Petitioner was tried, convicted, and sentenced to death in 1997. He was resentenced on November 21, 2021, to life in state prison without the possibility of parole. (*See* LD 7 at 48; Pet. at 300-04.) As he did not appeal, his conviction became final sixty days later, i.e., when the time to file an appeal expired sixty days after sentencing, on January 20, 2022. *See* Cal. R. Ct. 8.308(a); *Caspari v. Bohlen*, 510 U.S. 383, 390 (1994) ("A state conviction and sentence become final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally denied."). Petitioner could not gain direct review on certiorari to the United States Supreme Court, because he did not properly appeal to California's court of last resort. *See* 28 U.S.C. §§ 1257, 2101(d); Sup. Ct. R. 13.[7] Thus, he had until January 20, 2023, to file a fully-exhausted federal petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).

/ / /

---

[7] Rule 13(1) of the United States Supreme Court Rules states, in pertinent part, that "[u]nless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, *entered by a state court of last resort* . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment." (Emphasis added.)

With respect to all the unexhausted claims, no matter when they arose, Petitioner could have sought to present them to the California Supreme Court in a second habeas corpus petition at any time after his resentencing on November 21, 2021 and the time he filed the instant Petition.  There is absolutely no indication of what Petitioner did, if anything, during the entire time that his limitations period was running, until he filed his admittedly unexhausted pro se Petition on October 17, 2022.

Petitioner's allegations that he suffered mental impairments at trial in 1997 has no bearing on whether he was able to present the unexhausted claims to the California Supreme Court beginning in November 2021, before proceeding in this Court.[8]  As such, that "reason" does not provide good cause for a *Rhines* stay.  Nor does the fact that he did not have counsel after his resentencing.  *See*, *e.g.*, *Jauregui v. Jones*, 2016 WL 4257147, at *4 (C.D. Cal. July 7, 2016) ("Petitioner's lack of legal knowledge and pro se status do not amount to good cause.") (citing cases, including *Labon v. Martel*, 2015 WL 1321533, at *7 (C.D. Cal. Mar. 17, 2015) ("The fact that petitioner was untrained in the law and lacked legal assistance does not constitute good cause for petitioner's delay in exhausting his state remedies.") (citations omitted)).  Respondent notes that Petitioner was acting in pro per when he filed the instant Petition, though it appears that state habeas counsel took some steps to facilitate its filing.  (*See* Ct. Dkt. 3.)

In *McVey v. Santoro*, 2020 WL 4355672 (C.D. Cal. May 4, 2020), this Court considered a petitioner's motion for stay under *Rhines*, which was supported by a declaration from habeas counsel.  There, the petitioner's conviction became final in December 2018, counsel was hired in mid-August 2019 to investigate potential habeas claims, counsel filed a state habeas corpus petition in December 2019

---

[8]  In fact, most mental illnesses are treatable, and with proper treatment many, if not most, sufferers are capable of managing their own affairs.  *See Miller v. Runyon*, 77 F.3d 189, 192 (7th Cir. 1996).

1    raising a single ineffective assistance of counsel claim related to sentencing, and

2    two days later filed the federal action raising the claims raised on appeal and state

3    habeas. *Id*. at *1-2.  To establish good counsel, McVey's habeas counsel explained

4    that she needed time to obtain the trial and appellate files, discovered the

5    unexhausted claim while preparing the federal petition, and therefore filed the

6    protective petition in federal court to ensure against an untimeliness ruling in state

7    court. *Id*. at *4.

8         This Court found McVey's showing was insufficient to establish good case

9    under *Rhines* because counsel described "the ordinary circumstance of a lawyer

10   coming into a case late in the day and trying to maximize the number of claims to

11   be considered." *McVey v. Santoro*, 2020 WL 4355672, at *4.  Further, this Court

12   found the material submitted in support of the stay request did "not give any

13   reasonable explanation why Petitioner couldn't present and exhaust his claims in a

14   timely – and correct – sequence required under the statute." *Id.* (citing *Blake v.*

15   *Baker*, 745 F.3d at 983).

16        The showing in the instant case is even more deficient than that in *McVey*.

17   Petitioner simply asserts that "state habeas counsel" was ineffective for not raising

18   the claims asserted in Grounds Eleven, Twelve, and a portion of Fourteen (Stay

19   Mot. at 11-12), but this "bald assertion cannot amount to a showing of good cause."

20   *Blake v. Baker*, 745 F.3d at 982; *see also Hernandez v. Sullivan*, 397 F. Supp. 2d at

21   1207 (holding that ineffective assistance of appellate counsel did not constitute

22   good cause because petitioner was free to seek state habeas relief on unexhausted

23   claims).  Other than alleging post-conviction counsel failed to raise these claims

24   (*see* Stay Mot. at 11-12), Petitioner has not submitted to this Court any evidence in

25   support of his contention that he received ineffective assistance of counsel.  *See*

26   *Blake v. Baker*, 745 F.3d at 982 ("a bald assertion cannot amount to a showing of

27   good cause, a reasonable excuse, supported by evidence to justify a petitioner's

28   failure to exhaust, will"); *compare Nogueda v. California*, 2014 WL 5473548, at *2

(E.D. Cal. Oct. 23, 2014) ("petitioner has failed to demonstrate that he qualifies for a stay because he has failed to support his request as required in *Blake* (i.e., there is no documentation—as opposed to oral assertions—showing that he discussed these claims with trial and/or appellate counsel and was ignored)"); *Lisea v. Sherman*, 2014 WL 4418632, at *3 (E.D. Cal. Sept. 8, 2014) (denying a motion for a stay and abeyance because the petitioner supplied no evidence in support of his contention that appellate counsel was ineffective in failing to raise certain claims); *Davis v. Biter*, 2014 WL 2894975, at *8 (S.D. Cal. June 25, 2014) (denying a motion for a stay and abeyance because the petitioner had not presented any evidence to support his good cause argument), *with Bell v. Davis*, 2018 WL 5758157, at *5-6, (S.D. Cal. Nov. 1, 2018) (petitioner met good cause requirement by submitting a declaration of state habeas counsel explaining their errors to support his argument of ineffective assistance of counsel); *Cruz v. Mitchell*, 2015 WL 78779, at *3 (N.D. Cal. Jan. 5, 2015) (petitioner's showing of ineffective assistance of counsel met the good cause requirement because he supported his argument with juror questionnaires, declarations from prior counsel, and trial transcripts); *Ramos v. Chappell*, 2014 WL 6065660, at *3 (N.D. Cal. Nov. 12, 2014) (petitioner established good cause by advancing a reasonable excuse, supported by evidence—including a declaration from his post-conviction counsel who admitted that it was not a strategic choice to fail to attempt to contact trial counsel, obtain independent psychological evaluator, and so on—to justify his failure to exhaust).  Accordingly, the requested stay must be denied as Petitioner fails to demonstrate good cause.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## C.   The Unexhausted Claims Are Plainly Meritless

### 1.   Ground Eleven

Petitioner alleges in Ground Eleven that his due process rights were violated by the trial court's use of outdated and erroneous jury instructions.  (Pet. at 285-88.) He argues that the jury instructions provided by the trial court "did not require the jury to find that the prosecution had proven every element of the charged crimes," and thus deprived him of his rights.  (Pet. at 288.)  He does not set forth any specific instruction he alleges was constitutionally deficient, or even confusing or misleading.  (*See id.*)  In the Stay Motion, he states:

> the jury would not have been able to infer the "every element"
> requirement from the instructions that were given, as the judge told the
> jury that the instructions "may not seem like English" and that they
> would have to rely on the lawyers to "hopefully make them more logical
> or reasonable."  [Petitioner]'s trial attorney, despite this prompting from
> the court, did nothing to ensure that the jury understood that it must find
> "every element" beyond a reasonable doubt.

(Stay Mot. at 16 (quoting 5RT at 877-78).)  Again, Petitioner does not refer to any specific instruction(s) that are/were deficient, confusing, or misleading.  (*See id.*)

In context, prior to instructing the jury, the trial court explained that the instructions covered "every possible scenario," that not every instruction necessarily applied, and that the jury was charged with "determin[ing] the actual facts of the case within the framework" provided.  (5RT at 877.)  The court continued:

> I will also tell you that there is a committee who is working very
> hard.  In fact, they have been working for a couple of years on trying to
> turn these instructions into English, and they are fighting so hard on
> every comma and period that they haven't gone anywhere.

/ / /

1    So to the extent that some of these may not seem like English to

2    you, please be assured that when the attorneys have had a chance to

3    argue, they'll have a chance to direct and focus your attention, hopefully

4    make them more logical or reasonable.

5    And if you have any questions when you are deliberating, send out a

6    question, and we'll see if we can explain what these instructions give to

7    you.

8    (5RT at 877-78.)

9    The trial court then instructed the jury, including on reasonable doubt and the

10   elements of the crimes and special allegations charged.  (*See* 6CT at 1620-50.)  In

11   relevant part, the court instructed the jury on the presumption of innocence and the

12   prosecution's burden of proving him guilty beyond a reasonable doubt (6CT at

13   1628-29; CALJIC No. 2.90), that "[t]he specific intent to commit Robbery or

14   Residential Burglary and the commission or attempted commission of that crime

15   must be proved beyond a reasonable doubt" (6CT at 1632; CALJIC No. 8.21), and

16   that the prosecution had the burden of proving each special circumstance (6CT at

17   1633; CALJIC No. 8.80.1) and "each fact which is essential to complete a set of

18   circumstances necessary to establish the truth of a special circumstance . . . beyond

19   a reasonable doubt" (6CT at 1634; CALJIC No. 8.83; *see also* 6CT at 1624;

20   CALJIC No. 2.01 ["before an inference essential to establish guilt may be found to

21   have been proved beyond a reasonable doubt, each fact or circumstance on which

22   the inference necessarily rests must be proved beyond a reasonable doubt"]).  The

23   court also instructed the jury pursuant to CALJIC No. 2.61 that "[i]n deciding

24   whether or not to testify, the defendant may choose to rely on the state of the

25   evidence and upon the failure, if any, of the People to prove beyond a reasonable

26   doubt *every essential element of the charge* against him."  (6CT at 1627, emphasis

27   added.)

28   / / /

12

The prosecutor argued in part that this case was not a "who done it," that Petitioner had conceded that he shot the victims, and that the jury's duty was to determine whether "the People did in fact show [the jury] evidence beyond a reasonable doubt to prove each and every crime with which the defendant is charged." (6RT at 938-39.)  The prosecutor then argued that the crimes—first degree special circumstance murder, attempted murder, robbery and burglary—had been proved beyond a reasonable doubt.[9]  (*See* 6RT at 942-68 [addressing evidence supporting each crime and allegation and expressly referencing CALJIC Nos. 8.11 (malice aforethought defined), 8.67 (premeditated attempted murder), 9.40 (robbery), 14.50 (burglary), 17.19 (personal use of a firearm), 17.20 (infliction of great bodily harm)].)  Petitioner's trial counsel agreed that the defense was not contesting much of the guilt phase, he referred to evidence that he would argue later (presumably at the penalty phase), and he argued that premeditation and deliberation had not been proven.  (6RT at 973-76.)

The jury is presumed to understand and follow its instructions.  *Weeks v. Angelone*, 528 U.S. 225, 234 (2000).  Here, there is no evidence that the jury did not understand the instructions.  The arguments of counsel did not contradict or conflict with the trial court's instructions.  Despite being invited to submit questions if needed, there were no jury questions, and a verdict was reached in less than two hours.  (*See* 6RT at 978, 983; 6CT at 1663.)  On this record, Petitioner's claim that the trial court's off-the-cuff remark that the instructions may not seem like they were in English caused the jury to convict him without finding that "the prosecution had proven every element of the charged crimes" is plainly meritless.

/ / /

---

[9]  Notably, the prosecutor explained to the jury that "[e]very crime has elements.  There are elements that deal with the actual act of the crime, which in law school you learn is the actus reus, and you deal with the intent, mens rea, and you have elements.  Each crime has elements that deal with the crime and each crime has elements that deal with intent."  (6RT at 943.)

**2.    Ground Twelve**

Petitioner alleges in Ground Twelve that his due process right to a fair trial was violated by the trial court's failure to instruct the jury on the "one continuous transaction" rule in felony-murder cases.  (Pet. at 288-90.)  Petitioner argues that had the jury been instructed with the "one continuous transaction" rule, it would not have found he committed first-degree felony murder because the shooting of Sells was unrelated to any burglary or felony.  (Pet. at 290.)

In the Stay Motion, Petitioner states:  "In order for a juror to convict based on felony-murder, 'what is required is proof beyond a reasonable doubt that the felony and murder were part of one continuous transaction.'  *People v. Young*, 34 Cal. 4th 1149, 1175 (Cal. 2005)."  (Stay Mot. at 16.)  He argues that "the killing at issue did not take place during the alleged burglary or felony but later, after those crimes were completed.  The particular phrasing of the jury instruction is vital, and had the jury been properly instructed it would not have found [him] guilty under a felony-murder theory."  (*Id*.)

Under section 189, murder that is "committed in perpetration of" certain enumerated felonies, including robbery and burglary, is murder in the first degree.  The California Supreme Court has invoked the "'one continuous transaction' analysis" as a standard for the *sufficiency of evidence* to support a felony-murder instruction or conviction.  *People v. Sakarias*, 22 Cal. 4th 596, 624 (2000) (emphasis in original).  As the Ninth Circuit stated it:

> Rather than establishing "one continuous transaction" as an element of felony-murder, however, California courts adopted the analysis for guidance on appellate review regarding the contours of "in perpetration of"—specifically, whether substantial evidence exists to demonstrate a sufficient connection between a killing and an underlying felony.  [*People v. Sakarias*, 22 Cal. 4th at 624]; *People v. Cavitt*, 33 Cal.4th 187, 207-08 (2004) (stating that the continuous-transaction doctrine was "not

intended to relieve the wrongdoer from any probable consequence of his act by placing a limitation upon the *res gestae* which is unreasonable or unnatural[,]" but rather to "define[ ] the duration of felony-murder liability, which may extend beyond the termination of the felony itself") (emphasis omitted).  Thus, that a felony and homicide are "one continuous transaction" is a sufficient condition to satisfy the statutory requirement of "in perpetration of," but not a necessary one.

*Lopez v. Stainer*, 494 Fed. Appx. 778, 779 (9th Cir. 2012).

Here, in relevant part, the trial court properly instructed the jury pursuant to section 189 that the elements of felony murder are "1. A human being was killed; [¶] 2. The killing was unlawful; [¶] and [¶] 3. The killing . . . occurred *during the commission or attempted commission of* the felony of robbery or the felony of Residential Burglary."  (6CT at 1630 [CALJIC No. 8.10] (emphasis added).)  The court further instructed the jury:

> The unlawful killing of a human being, whether intentional, unintentional or accidental, which occurs during the commission or attempted commission of the crime of Robbery or Residential Burglary is murder of the first degree when the perpetrator had the specific intent to commit that crime.
>
> The specific intent to commit Robbery or Residential Burglary and the commission or attempted commission of that crime must be proved beyond a reasonable doubt.
>
> For the purposes of determining whether an unlawful killing has occurred during the commission or attempted commission of a residential burglary, the commission of the crime of burglary is not confined to a fixed place or a limited period of time.
>
> A residential burglary is in progress after the original entry while the perpetrator is fleeing in an attempt to escape.  Likewise it is still in

1    progress so long as immediate pursuers are attempting to capture the
2    perpetrator or to regain stolen property.

3         A residential burglary is complete when the perpetrator has eluded
4    any pursuers and reached a place of temporary safety, and in
5    unchallenged possession of stolen property after having effected an
6    escape with such property.

7    (6CT at 1632 [CALJIC Nos. 8.21, 8.21.2].)

8         These CALJIC instructions properly instructed the jury regarding the
9    relationship between each underlying felony and the homicide and also informed
10   the jury of its responsibility to find all the elements of felony murder.[10]
11   Accordingly, the claim in Ground Twelve is plainly meritless.  *See Lopez v.*
12   *Stainer*, 494 Fed. Appx. at 779 (court rejected petitioner's claim that the trial court
13   erred by failing to adopt a proposed instruction regarding the "one continuous
14   transaction" rule because one "continuous transaction is an essential element of
15   felony murder in California" because proof that the killing and the underlying
16   felony were part of one continuous transaction was not required for felony-murder
17   conviction and the CALJIC instructions given properly instructed the jury regarding
18   the relationship between the underlying felony and the homicide and also informed
19   the jury of its responsibility to find all the elements of felony-murder).

20        **3.    Ground Thirteen**

21        Petitioner alleges in Ground Thirteen that imposition of higher restitution
22   would violate the California Constitution.  (Pet. at 290-91.)  Petitioner states that he
23   paid the restitution "in full" before being resentenced and that "requiring him to pay

24   _____

25        [10] As succinctly stated by the prosecutor during argument when she was
     discussing the evidence supporting the firearm allegations:  "The residential
26   robbery starts once they cross that threshold into that house, and it is not through
     until they are out of that house in that car and down the street in a place of safety.
27   So anything that happened in that house is during the course of the robbery."  (6RT
28   at 954.)

additional restitution would violate his constitutional right to be free from double jeopardy." (Pet. at 291.) In addition to being unexhausted, this claim is not borne out by the record as Petitioner was not ordered to pay "additional" restitution upon resentencing. (*See* Pet. at 290, 301.) Moreover, the claim is plainly meritless as the issue whether the imposition of restitution violates the California Constitution does not raise a federal constitutional, nor does the issue of restitution pose a federal question at all since it does not affect the fact or duration of Petitioner's custody. *See Bailey v. Hill*, 559 F.3d 976, 979-80 (9th Cir. 2010) (concluding that the court lacked jurisdiction over a habeas petition that challenges restitution order because the requirement that restitution be paid "is not by ordinary meaning a part of [petitioner's] custody."); *see also United States v. Thiele*, 314 F.3d 399, 400 (9th Cir. 2002) (finding challenge to restitution fine not cognizable on habeas). For these reasons, the claim is not cognizable, and Ground Thirteen is plainly meritless.

### 4. Ground Fourteen

Lastly, Petitioner alleges in Ground Fourteen that the cumulative effect of the errors in Grounds One through Thirteen renders his convictions and sentence unreliable and unconstitutional. (Pet. at 291-95.) The only reason a portion of Ground Fourteen is unexhausted is that Grounds Eleven, Twelve, and Thirteen are unexhausted. Given that those claims are plainly meritless, Ground Fourteen also is meritless to the extent that it relies on those claims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

Therefore, based on the foregoing arguments and authorities, it is respectfully submitted that Petitioner's Motion for Stay should be denied.

Dated:  June 26, 2023                                Respectfully submitted,

ROB BONTA
Attorney General of California
LANCE E. WINTERS
Chief Assistant Attorney General
SUSAN SULLIVAN PITHEY
Senior Assistant Attorney General
KENNETH C. BYRNE
Supervising Deputy Attorney General

/s/ Ana R. Duarte

ANA R. DUARTE
Deputy Attorney General
*Attorneys for Respondent*

ARD:fc
LA2023600338
66043031.docx

18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Respondent, certifies that this brief contains 5,689 words, which complies with the word limit of L.R. 11-6.1.

Dated:  June 26, 2023

Respectfully submitted,

ROB BONTA
Attorney General of California


/s/ Ana R. Duarte

ANA R. DUARTE
Deputy Attorney General
*Attorneys for Respondent*

# CERTIFICATE OF SERVICE

Case Name: **_Carlos Anthony Hawthorne v._**      No.   **CV 22-07535-FWS (AS)**
               **_Raybon Johnson, Warden_**

I hereby certify that on June 26, 2023, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

### OPPOSITION TO PETITIONER'S MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on June 26, 2023, at Los Angeles, California.

| Frances Conroy | /s/ Frances Conroy |
|:---:|:---:|
| Declarant | Signature |

ARD:fc
LA2023600338
66044206.docx