CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
LAUREN COLLINS (Bar No. 240173)
(E-Mail: Lauren_Collins@fd.org)
MICHAEL PETERSEN (Bar No. 311729)
(E-Mail: Michael_Petersen@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2894
Facsimile: (213) 894-0310

*Attorneys for Petitioner*
CARLOS ANTHONY HAWTHORNE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE,<br><br>           Petitioner,<br><br>     v.<br><br>RAYBON JOHNSON, Warden, of California State Prison, Los Angeles County<br><br>           Respondent. | No. 22-cv-07535-FWS-AS<br><br>**PETITIONER'S REPLY IN SUPPORT OF MOTION TO STAY AND ABEY THE FEDERAL PROCEEDINGS PENDING EXHAUSTION**<br><br>**The Honorable Alka Sagar**<br>**United States Magistrate Judge**<br>**Courtroom 540**<br><br>**Hearing Date: July 27, 2023**<br>**Hearing Time: 10:00 A.M.** |

A. **Introduction**

Petitioner Carlos Anthony Hawthorne has satisfied all three requirements for a stay and abeyance of his mixed federal petition pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). Respondent's arguments to the contrary are unpersuasive.

This Court should reject Respondent's argument that Hawthorne's request for a *Rhines* stay should be treated with more skepticism and increased scrutiny because the conviction occurred 25 years ago. Instead, this Court should conduct the usual *Rhines* analysis, and find that Hawthorne had good cause for failing to exhaust for the reasons set forth in his Motion, and that "at least one of his unexhausted claims is not 'plainly meritless.'" *Dixon v. Baker*, 847 F. 3d 714, 722 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 277.)

B. **Hawthorne has established good cause for a stay.**

1. **There is no legal basis for "increased scrutiny" based on the length of Hawthorne's legal proceedings.**

Contrary to Respondent's argument, there is no legal basis for imposing a heightened standard of scrutiny due to the length of time since Hawthorne's conviction. There is no merit to Respondent's argument that, because it has been 25 years since Hawthorne was convicted, his "good cause" argument "should be viewed with increased scrutiny." (Dkt. 23 at 6.)

First, there is no legal authority to support Respondent's suggestion of increased scrutiny based on the length of time that has elapsed since the date of conviction. The Supreme Court, with its opinion in *Rhines v. Weber*, set out the standard for establishing good cause when a petitioner requests a stay and abeyance order. Nowhere does the *Rhines* opinion, or any subsequent Ninth Circuit opinion on the matter, require a court to consider the bare passage of time since conviction as a relevant factor.

Furthermore, the 25-year delay between Hawthorne's conviction and federal habeas proceedings is not attributable to him. Hawthorne was sentenced to death, and

2

placed on San Quentin's death row, from 1997 to 2021. The slow pace of California's death penalty review process is well documented. It takes an "average of 11.7 to 13.7 years after the death judgment" for the direct appeal process to be completed, and another average of 17 years to complete state habeas review. *Briggs v. Brown*, 3 Cal. 5th 808, 864 (Cal. 2017) (Liu, J., concurring). The primary driver of delay in California death penalty cases is not the defendants, but rather the lack of available counsel to accept death penalty appointments and the California Supreme Court's own backlog of death penalty cases. *Briggs*, 3 Cal. 5th at 865. In Hawthorne's case, it took over 11 years for his direct appeal to conclude, from August 11, 1997 to April 23, 2009. Hawthorne then filed his initial state habeas petition on October 7, 2009, and that proceeding did not conclude for another 12 years, when on November 21, 2021 the death sentence was removed and Hawthorne was resentenced to life without the possibility of parole. While it took Hawthorne's case 25 years to be ripe for federal review, it still managed to beat the average time, as identified by the California Supreme Court, of 28.7 to 30.7 years. *Briggs*, 3 Cal. 5th at 864.

  **2. Hawthorne has sufficiently alleged ineffective assistance of post-conviction counsel so as to satisfy the good cause requirement.**

  The unexhausted claims at issue here are purely legal claims. They do not reference any facts outside of the record, and do not rely on any post-conviction factual development. In short, Hawthorne is not alleging any specific facts in support of this ineffective assistance of counsel allegation beyond that these claims are apparent from the face of the record, they are potentially meritorious, and prior post-conviction counsel was ineffective for failing to raise them. There can be no reasonable, strategic rationale for failing to raise potentially meritorious claims in a death penalty case especially where, as here, (1) the claims do not contradict any other claims raised, (2) do not require any additional investigative resources to pursue, and (3) all serve to bolster the included cumulative error claim. These claims are similar to those raised in

*Bell v. Davis*, 2018 WL 5758157, at *5 (S.D. Cal. Nov. 1, 2018), where the court granted a stay and noted that "most of the unexhausted claims were of the type apparent from the trial and appellate record and did not appear to require additional evidentiary support to plead…"

Hawthorne has done more than make a "bald assertion" of good cause, and has specifically alleged that post-conviction counsel failed to raise potentially meritorious, record-based claims in a death penalty case. *Blake v. Baker*, 745 F.3d 977, 983 (9th Cir. 2014). While Respondent cites cases where the good cause standard was met where the petitioner submitted a declaration from state habeas counsel, no such declaration is required. Notably, the petitioner in *Blake* established ineffectiveness of state habeas counsel without submitting a declaration from counsel. *Blake*, 745 F.3d at 982-83. An extra-record declaration from counsel is not a *per se* requirement for proving ineffective assistance. *See Massaro v. United States*, 538 U.S. 500, 508 (2003) (noting ineffective assistance claims are often "so apparent from the record" that they can be raised on direct appeal); *see also Reeves v. Alabama*, __ U.S. __, 138 S. Ct. 22 (Mem.) at *23 (Nov. 13, 2017) (Sotomayor, Ginsberg, and Kagan, JJ., dissenting from denial of certiorari)(There is no "categorical rule that counsel must testify in order for a petitioner to succeed on a federal constitutional ineffective-assistance-of-counsel claim."). In this particular case, considering the unexhausted claims at issue, nothing more is required.

**C.   The parties agree that Hawthorne has not engaged in intentional delay.**

Despite Respondent's arguments that *Rhines*'s "good cause" requirement should be subject to increased scrutiny (*see* above), Respondent acknowledges that Hawthorne has not "engaged in abusive litigation tactics or intentional delay…" (Dkt. 23 a 6.) This *Rhines* factor, in the view of at least three justices in *Rhines*, is perhaps the most important consideration in weighing a petitioner's entitlement to a stay. *Rhines*, 544 U.S. at 278. Indeed, Justice Souter stated in his concurring opinion in *Rhines*—in which

4

Justices Ginsburg and Breyer also joined—that instead of conditioning the availability of a stay upon good cause, he would "wait for the alarm to sound when there is some indication that a petitioner is gaming the system." *Id.* at 279 (Souter, J., concurring). Here, there is no such indication, particularly because *intentional* delay is the only delay identified by the Supreme Court as relevant to a court's evaluation of a stay request. Thus, the mere fact that it has taken 25 years for Hawthorne's case to work through the California death penalty review process is immaterial to this factor.

## CONCLUSION

For the foregoing reasons, and those set forth in Hawthorne's Motion, this Court should grant Hawthorne's request for a stay to allow for the exhaustion of state remedies.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: July 5, 2023        By /s/ *Michael Petersen*
MICHAEL PETERSEN
LAUREN COLLINS
Deputy Federal Public Defenders

Attorneys for Petitioner
CARLOS ANTHONY HAWTHORNE

5

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Carlos Hawthorne, certifies that this brief contains 1,333 words and does not exceed 25 pages, which complies with the word limit of L.R. 11-6.1.

DATED: July 5, 2023                By /s/ *Michael Petersen*
                                   MICHAEL PETERSEN
                                   Deputy Federal Public Defender
                                   Attorney for CARLOS HAWTHORNE