CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
LAUREN COLLINS (Bar No. 240173)
(E-Mail: Lauren_Collins@fd.org)
MICHAEL PETERSEN (Bar No. 311729)
(E-Mail: Michael_Petersen@fd.org)
Deputy Federal Public Defenders
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2894
Facsimile: (213) 894-0310

*Attorneys for Petitioner*
CARLOS ANTHONY HAWTHORNE

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE,<br><br>         Petitioner,<br><br>    v.<br><br>RAYBON JOHNSON, Warden, of California State Prison, Los Angeles County<br><br>         Respondent. | No. 22-cv-07535-FWS-AS<br><br>**PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

## I. INTRODUCTION

Petitioner Carlos Anthony Hawthorne, through counsel, submits these objections to Report and Recommendation of United States Magistrate Judge filed on September 15, 2023 (Dkt. 28). The Report found that Hawthorne failed to demonstrate good cause for a *Rhines*[1] stay and recommended that 1) Respondent's Motion to Dismiss be granted to the extent it seeks dismissal of unexhausted claims in the Petition; 2) the motion for stay be denied, and 3) grounds Eleven, Twelve, and Thirteen and part of Fourteen be dismissed without prejudice for lack of exhaustion.

Hawthorne objects to the Report's conclusions that his unexhausted claims are plainly meritless, and reiterates his request for a stay under *Rhines* so that he can exhaust state remedies.

## II. GENERAL OBJECTIONS AND STANDARD OF REVIEW

### A. This Court reviews the Report's conclusions de novo.

A district court reviews de novo those portions of a report or recommendation to which an objection is made. 28 U.S.C. § 636(b)(1); *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989), overruled on other grounds by *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996). The district court may "accept, reject or modify in whole or in part, the findings or recommendations made by a magistrate judge." 28 U.S.C. §636(b)(1).

### B. Objections to factual findings and legal conclusions

Hawthorne objects to the presentation of facts in the Report to the extent that it contradicts the arguments made in the Petition, the *Rhines* motion or reply (Dkts. 21, 25), or any other part of the record, or provides an incomplete or misleading picture of the record.

---

[1] *Rhines v. Weber*, 544 U.S. 269 (2005).

1

In addition to the specific objections to the Court's legal conclusions set forth below, Hawthorne also relies on his legal assertions made in all prior pleadings and briefs, incorporating them herein by reference, and objects to the Court's legal conclusions to the extent they conflict with Hawthorne's analyses, particularly those made in his *Rhines* motion. *See Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991) (parties who do not object to a magistrate's report retain their right to appeal the magistrate's conclusions of law).

### III. OBJECTIONS TO FACTUAL FINDINGS AND LEGAL ANALYSIS

To satisfy *Rhines*'s second requirement that the petitioner's claims be "potentially meritorious," a petitioner need only show that "*at least one* of his unexhausted claims is not 'plainly meritless.'" *Dixon v. Baker*, 847 F.3d 714, 722 (9th Cir. 2017) (citing *Rhines*, 544 U.S. at 277) (emphasis added). This is a low bar. Hawthorne objects to the Report's conclusion that he has not shown that even one of his unexhausted claims is potentially meritorious under this generous standard.

**A. Claim Eleven is not plainly meritless.**

In Claim Eleven, Hawthorne alleges that his due process rights were violated by the Court's use of outdated and erroneous jury instructions, which did not adequately advise the jury that the prosecution was required to prove every element beyond a reasonable doubt. (Dkt. 1 at 284-88.) The Report faults Hawthorne for failing to pinpoint a particular instruction that was deficient, confusing or misleading. (Dkt. 28 at 11.) This belies the fact that the trial court itself advised the jury that the instructions were so difficult to understand that they "may not seem like English." (5 RT 877-78.) The operative jury instructions were, in fact, so impenetrable that they were subsequently replaced by the CALCRIM instructions, after nine years of efforts by a Blue Ribbon Commission of judges, practitioners and scholars. (Dkt. 1 at 284-85.)

The Report also cites cases in this district denying due process challenges to CALJIC instructions 2.90 and 2.01 because they "adequately advise the jury of the

applicable burden of proof," but cites no Supreme Court case holding the same. (Dkt. 28 at 15.) The Report acknowledges that the one cited Supreme Court case, *Victor v. Nebraska*, 511 U.S. 1, 5 (1994), mainly concerned the phrase "moral certainty" in an earlier version of CALJIC 2.90, not relevant here. Notably, the Supreme Court has found jury instructions to violate due process where they improperly shift the burden of persuasion. *Sandstrom v. Montana*, 442 U.S. 510, 511 (1979).

For these reasons, Claim Eleven is not plainly meritless. Because this claim is potentially meritorious, Hawthorne also objects to the Report's finding that counsel was not ineffective for failing to raise this claim in state court.

### B. Claim Twelve is not plainly meritless.

Claim Twelve alleges error in the trial court's failure to instruct on the "one continuous transaction" rule in felony murder. The Report concludes that "claims which effectively raise only state law issues are plainly meritless under the *Rhines* test." (Dkt. 28 at 19 n. 7.) However, violations of state law, including improper jury instructions, can rise to a level of a constitutional violation when the instruction "so infected the entire trial that the resulting conviction violates due process." *Estelle v. McGuire*, 502 U.S. 62, 74 (1991). For these reasons, Claim Twelve is not plainly meritless. Because this claim is potentially meritorious, Hawthorne also objects to the Report's finding that counsel was not ineffective for failing to raise this claim in state court.

### C. Claim Thirteen is not plainly meritless.

Claim Thirteen alleges that Hawthorne's 2021 abstract of judgment includes a restitution fine of $10,000, even though Hawthorne had already paid $10,000 of restitution before his 2021 resentencing.

The Report concludes that this claim is "plainly meritless" because it challenges a restitution order, and is non-cognizable because it does not "attack[]. . . the legality or duration of [his] confinement," (Dkt. 28 at 20, citing *Crawford v. Bell*, 588 F.2d 890,

891 (9th Cir. 1979).) However, Hawthorne is not simply challenging the imposition of this or any restitution. Instead, he requested that the abstract be corrected to reflect that there is no restitution owed, as an increased restitution fine on resentencing would constitute a double jeopardy violation. *People v. Hanson*, 23 Cal. 4th 355, 363-65 (Cal. 2000). Claims of involving double jeopardy are cognizable on habeas. *See Stow v. Murashige*, 389 F.3d 880 (9th Cir. 2004) (holding that a habeas petition raising a double jeopardy challenge was properly treated under the general grant of habeas authority provided by the Constitution and 28 U.S.C. § 2241, not the heightened standard imposed by the AEDPA under 28 U.S.C. § 2254); *Price v. Vincent*, 538 U.S. 634, 638 (2003) (considering merits of a double jeopardy claim on habeas).

### D. The unexhausted portion of Claim Fourteen is not plainly meritless.

Claim Fourteen is a cumulative error claim, alleging that the accumulated prejudice of all claims—including those that have already been exhausted—warrants relief. The Report finds that the unexhausted portion of the cumulative error claim is plainly meritless because the underlying Claims Eleven, Twelve, and Thirteen themselves are plainly meritless. But this analysis is incomplete. That a particular claim cannot succeed on its own, thereby rendering it "plainly meritless," does not mean that its inclusion in a cumulative error claim is unnecessary or futile. "The cumulative effect of multiple errors can violate due process even where no single error rises to the level of a constitutional violation or would independently warrant reversal." *Parle v. Runnels*, 505 F.3d 922, 927 (2007). It is the accumulation of prejudice from other, unsuccessful, claims that necessarily form the basis of a cumulative error claim.

Here, any prejudicial impact that could arise from the unexhausted claims must be evaluated in conjunction with the prejudicial impact of all other claims, including the unexhausted claims. Even the smallest bit of prejudice from an unexhausted claim is important to the overall cumulative error claim, which seeks to accumulate and consider the prejudicial impact of all claims, cumulatively. Even if the other

unexhausted claims are found to be plainly meritless, that does not require a finding that the corresponding portion of Claim Fourteen is also plainly meritless.

Furthermore, Hawthorne's trial attorney has already been found to have provided ineffective assistance of counsel during the penalty phase. Hawthorne has alleged that the guilt phase, similarly, was rife with error. Claim Fourteen is the only claim that looks at the trial as a whole, and accumulates the prejudicial impact of all errors. It is important that the claim actually encompass all errors, including those in the unexhausted claims. It is not plainly meritless. Because this claim is potentially meritorious, Hawthorne also objects to the Report's finding that counsel was not ineffective for failing to raise this claim in state court.

### E. A stay under *Kelly v. Small* would be appropriate.

Hawthorne has asked that, in the event the Court were to find a *Rhines* stay unwarranted, the unexhausted claims should be dismissed and the case proceed on the remaining claims in the petition. (Dkt. 27 at 19.) In doing so, he cited *Kelly v. Small*, 315 F.3d 1063, 1070-71 (9th Cir. 2003). In *Kelly*, the Ninth Circuit required the district court to consider the alternative of staying the petition after dismissing the unexhausted claims, so the petitioner could exhaust the claims and later add them by amendment to his stayed federal petition. *Kelly*, 315 F.3d at 1070. A dismissal of the unexhausted claims paired with a stay under *Kelly* would allow time for Hawthorne to pursue state-court remedies, as well as allowing the possibility that an amended pleading, including newly exhausted claims, to "relate back" to the date of the original filing. *Id.*, citing *Anthony v. Cambra*, 236 F.3d 568, 575-78 (9th Cir. 2000).

The Report found that a stay under *Kelly* would be inappropriate for the same reason as a *Rhines* stay—its conclusion that the underlying claims are meritless. (Dkt. 22 at n.22.) Hawthorne objects to that conclusion for the reasons discussed above. Further, the *Kelly* procedure is more flexible than the *Rhines* procedure, and does not require a showing of good cause for failure to exhaust. *King v. Ryan*, 564 F.3d 1133, 1140-41 (9th

Cir. 2009) ("we reiterate that the *Kelly* procedure remains available after *Rhines* and hold that its availability is not premised upon a showing of good cause.") Thus, even if Hawthorne cannot meet the good cause requirement in *Rhines*, he is still entitled to a stay.

For these reasons, Hawthorne objects to the Report's conclusion that no stay is warranted, either under *Rhines*, or, in the alternative, under the more lenient standard of *Kelly*.

## IV.   CONCLUSION

For these reasons, Hawthorne respectfully requests that the Court vacate the Report and Recommendation and issue an order granting a *Rhines* stay. In the alternative, Hawthorne asks that he be allowed to dismiss the unexhausted claims and proceed under the stay procedure outlined in *Kelly*.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 29, 2023     By /s/ *Lauren Collins*
                                LAUREN COLLINS
                                MICHAEL PETERSEN
                                Deputy Federal Public Defenders

                                Attorneys for Petitioner
                                CARLOS ANTHONY HAWTHORNE

6

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Carlos Hawthorne, certifies that this brief contains 1755 words and does not exceed 25 pages, which complies with the word limit of L.R. 11-6.1.

DATED: September 29, 2023     By */s/ Lauren Collins*
LAUREN COLLINS
Deputy Federal Public Defender
Attorney for CARLOS HAWTHORNE