UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS ANTHONY HAWTHORNE,<br><br>   Petitioner,<br><br>  v.<br><br>PAT HORN,[1]<br><br>   Respondent. | Case No. 2:22-cv-07535-FWS (AS)<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

---

[1] Pat Horn, the Acting Warden at California State Prison – Los Angeles County, in Lancaster, California, where Petitioner is currently incarcerated, is substituted for former Warden Raybon Johnson as the proper Respondent. (*See* Dkt. 16 at 1 n.1).

## I. Introduction and Relevant Procedural History

Before the Court is the Magistrate Judge's September 15, 2023, Report and Recommendation ("Report and Recommendation"), (Dkt. 28), regarding the claims of Petitioner Carlos Anthony Hawthorne ("Petitioner"), as stated in Petitioner's Petition for Writ of Habeas Corpus by a Prisoner in State Custody under 28 U.S.C. § 2254 ("Petition"), (Dkt. 1). Based on the state of the record, as applied to the applicable law, the court adopts the Report and Recommendation issued by the Magistrate Judge, including each of the findings of fact and conclusions of law therein.

On or about October 17, 2022, Petitioner filed the Petition alleging the following fourteen different claims for relief: (1) "The State Prosecuted, Convicted, and Sentenced Mr. Hawthorne While He Was Mentally Incompetent to Stand Trial;" (2) "The State's Reliance on Mr. Hawthorne's Illegally Obtained, Unreliable, and Involuntary Statement Violated His Constitutional Rights;" (3) "Mr. Hawthorne Was Deprived of the Right to Effective Assistance of Counsel During the Guilt/Innocence Phase of His Trial;" (4) "Trial Counsel's Representation Was Prejudicially and Unconstitutionally Burdened by Conflicting Interests;" (5) "The State Engaged in a Pervasive Pattern of Prejudicial Misconduct That Violated Mr. Hawthorne's Constitutional Rights;" (6) "Juror Misconduct Deprived Mr. Hawthorne of His Right to Be Tried by an Impartial Jury;" (7) "The Prosecutor Unlawfully Exercised Peremptory Challenges Based on Racial and Ethnic Characteristics of the Potential Jurors;" (8) "The Trial Court Improperly Excused Potential Jurors for Cause Based on Their Equivocal Responses Regarding the Death Penalty;" (9) "The Trial Court Violated Mr. Hawthorne's Constitutional Rights by Instructing the Jury on the Uncharged Crime of First-Degree Felony-Murder Even Though the Information Charged Mr. Hawthorne Only With Second-Degree Malice Murder in Violation of Penal Code Section 187;" (10) "The Trial Court Violated Mr. Hawthorne's Constitutional Rights by Failing to Require the Jury to Agree Unanimously on Whether Mr. Hawthorne Had Committed a Premeditated Murder or a Felony Murder

Before Finding Him Guilty of First-Degree Murder;" (11) "Mr. Hawthorne's Due Process Rights Were Violated by the Court's Use of Outdated and Erroneous Jury Instructions;" (12) "Mr. Hawthorne's Due Process Right to a Fair Trial Was Violated by the Trial Court's Failure to Instruct the Jury on the 'One Continuous Transaction' Rule in Felony Murder Cases;" (13) "Imposition of Higher Restitution Would Violate the California Constitution;" and (14) "The Cumulative Effect of the Errors Renders Mr. Hawthorne's Convictions and Sentence Unreliable and Unconstitutional." (*See generally* Petition.)

On or about March 10, 2023, Respondent Pat Horn, Acting Warden at California State Prison—Los Angeles County, located in Lancaster, California ("Respondent"), filed a Motion to Dismiss Petition for Writ of Habeas Corpus ("Motion to Dismiss"), (Dkt. 16), and lodged documents in support of the Motion to Dismiss ("Documents in Support of the Motion to Dismiss"), (Dkt. 17).

On June 12, 2023, Petitioner filed an Opposition to the Motion to Dismiss and Motion to Stay and Abey the Federal Proceedings Pending Exhaustion ("Opposition to Motion to Dismiss and Motion to Stay"), (Dkt. 21). On June 26, 2023, Respondent filed an Opposition to Petitioner's Motion to Stay ("Opposition to Motion for Stay"), (Dkt. 23), and lodged documents in support of the Opposition to Motion for Stay ("Documents in Support of the Opposition to Motion to Stay"), (Dkt. 24). On July 5, 2023, Petitioner filed a Reply in Support of Motion to Stay and Abey the Federal Proceedings Pending Exhaustion ("Reply in Support of Motion to Stay"). (Dkt. 25).

On September 15, 2023, the Magistrate Judge filed the Report and Recommendation. (Dkt. 28.). On September 29, 2023, Petitioner filed Objections to the Report and Recommendation ( "Objections"). (Dkt. 29.).

**II.   Analysis**

"A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) (stating "[t]he district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to," and "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions"). Proper objections require "specific written objections to the proposed findings and recommendations" of the magistrate judge. Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."). Where no objection has been made, arguments challenging a finding are deemed waived. *See* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."). Moreover, "[o]bjections to a R&R are not a vehicle to relitigate the same arguments carefully considered and rejected by the Magistrate Judge." *Chith v. Haynes*, 2021 WL 4744596, at *1 (W.D. Wash. Oct. 12, 2021).

In the Report and Recommendation, the Magistrate Judge recommends "that (1) the Motion to Dismiss be granted to the extent it seeks dismissal of the Petition's unexhausted claims; (2) the Motion for Stay be denied; and (3) Grounds Eleven, Twelve, and Thirteen and part of Ground Fourteen be dismissed without prejudice for lack of exhaustion." (Dkt. 28 at 2-3.)[2] In the Objections, Petitioner "objects to the Report's conclusions that his unexhausted claims are plainly meritless, and reiterates his request for a stay under *Rhines*[3] so that he can exhaust state remedies." (Dkt. 29 at 2.) In summary, Petitioner argues: Claims Eleven, Twelve, and Thirteen are not

---

[2] Page numbering in this Order refers to ECF pagination.

[3] *Rhines v. Weber*, 544 U.S. 269 (2005)

plainly meritless, (*see id*. at 3-5); the "unexhausted portion of Claim Fourteen is not plainly meritless," (*id*. at 5-6); and a stay pursuant to *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003) is appropriate, (*id*. at 5-6).

Petitioner also "objects to the presentation of facts in the Report [and Recommendation] to the extent that it contradicts the arguments made in the Petition, the *Rhines* motion or reply (Dkts. 21, 25), or any other part of the record, or provides an incomplete or misleading picture of the record." (*Id*. at 2.) Petitioner "relies on his legal assertions made in all prior pleadings and briefs, incorporating them herein by reference, and objects to the Court's legal conclusions to the extent they conflict with [Petitioner's] analyses, particularly those made in his *Rhines* motion." (*Id*. at 3.)

In this case, after conducting a *de novo* review of the Objections, the court agrees with each of the findings of fact and conclusions of law set forth in the Report and Recommendation, including the recommendations that "the district court issue an Order: (1) accepting this Report and Recommendation; (2) granting Respondent's Motion to Dismiss (Dkt. No. 16) to the extent it seeks dismissal of the Petition's unexhausted claims; (3) denying Petitioner's Motion for Stay (Dkt. No. 21); and (4) dismissing without prejudice Grounds Eleven, Twelve, and Thirteen and part of Ground Fourteen (to the extent the claim is predicated on the errors alleged in Grounds Eleven, Twelve, and Thirteen) for failure to exhaust state court remedies." (Dkt. 28 at 22-23.) Accordingly, the Objections are **OVERRULED** on their merits.

In sum, pursuant to 28 U.S.C. § 636, the Court has reviewed the record, including the Report and Recommendation, the Petition, the Motion to Dismiss, the Documents in Support of the Motion to Dismiss, the Opposition to Motion to Dismiss and Motion to Stay, the Opposition to Motion for Stay, the Documents in Support of the Opposition to Motion to Stay, the Reply in Support of Motion to Stay, the Objections, and the other records of the case. After conducting a *de novo* determination of the portions of the Report and Recommendation to which the

Objections pertain, the Court concurs with and accepts the findings and conclusions of the Magistrate Judge in the Report and Recommendation.

### III. Conclusion

Based on the state of the record, as applied to the applicable law, the Court adopts the Report and Recommendation, including each of the findings of fact and conclusions of law therein.  Accordingly, the Court (1) **ACCEPTS** and **ADOPTS** the Report and Recommendation; (2) **GRANTS** Respondent's Motion to Dismiss, (Dkt. 16), to the extent it seeks dismissal of the Petition's unexhausted claims; (3) **DENIES** Petitioner's Motion for Stay, (Dkt. 21); and (4) **DISMISSES WITHOUT PREJUDICE** Claims Eleven, Twelve, and Thirteen in the Petition, and part of Claim Fourteen (to the extent Claim Fourteen is predicated on the errors alleged in Claims Eleven, Twelve, and Thirteen) for failure to exhaust state court remedies.

Respondent is **ORDERED** to file an Answer to the remaining claims in the Petition no later than **forty-five (45) days** from the date of this Order.  **IT IS FURTHER ORDERED** that the Clerk serve copies of this Order, the Report and Recommendation, and the Judgment herein on counsel for Petitioner and counsel for Respondent.

**IT IS SO ORDERED.**

Dated:  November 7, 2023

_____
Hon. Fred W. Slaughter
UNITED STATES DISTRICT JUDGE